407 So.2d 967 (1981)
Larry Donald RILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1098.
District Court of Appeal of Florida, Second District.
December 11, 1981.
*968 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
This appeal raises the question of whether the Florida Supreme Court's decision in Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981), applies to a sentence imposed under the Youthful Offender Act.
The state charged appellant with burglary. After plea negotiations, he pled guilty to the charge, and the court sentenced him under the terms of the Youthful Offender Act, chapter 958, Florida Statutes (1979), to four years imprisonment in a youthful offender institution followed by one year of probation.[1]
Appellant argues that his sentence is illegal under Villery because his incarceration is for a term which exceeds one year followed by probation. We disagree. Villery's proscription of incarceration which equals or exceeds one year as part of a split sentence alternative applies only to the sentencing techniques of sections 948.01(4) and 948.03(2), Florida Statutes (1979). The Villery court found that such incarceration could not have been contemplated by the legislature in enacting those sections because it could require the concurrent operation of parole and probation for the same offense.
Appellant's split sentence, however, is valid under the statutory scheme of the Youthful Offender Act. Section 958.05(2), Florida Statutes (1979), provides that:
(2) The court may commit the youthful offender to the custody of the department for a period not to exceed 6 years. The sentence of the court shall specify a period of not more than the first 4 years to be served by imprisonment and a period of not more than 2 years to be served in a community control program. The defendant shall serve the sentence of the court unless sooner released as provided by law.
Clearly, the sentence is within the express parameters of the section. Moreover, it will create none of the problems of overlapping parole and probation examined in Villery because the Youthful Offender Act in essence combines the concepts of probation *969 and parole in its community control program. See § 958.10, Fla. Stat. (1979).
AFFIRMED.
OTT and SCHOONOVER, JJ., concur.
NOTES
[1] Since the trial judge referred to the Youthful Offender Act, we construe his imposition of probation to mean that appellant is to be placed in a community control program, which is the designation used by the act for supervision after incarceration.