449 So.2d 430 (1984)
David Carol LOLLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1644.
District Court of Appeal of Florida, Second District.
May 9, 1984.
*431 Jerry Hill, Public Defender and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
David Lollis appeals an order revoking his probation and a subsequent order sentencing him to the state prison. Lollis argues that the circuit court did not have jurisdiction to enter the order revoking probation because, pursuant to the provisions of section 958.10(2), Florida Statutes (1979), he was on parole when he left prison on August 24, 1982; therefore, only the Parole and Probation Commission had jurisdiction to return him to prison. We agree and reverse, but certify a question to the supreme court.
On April 21, 1981, an information was filed charging Lollis with grand theft in violation of section 812.014, Florida Statutes (1979). Lollis pled guilty to this charge on July 7, 1981, and on October 28, he was adjudicated guilty and sentenced (as indicated by the written judgment and sentence) to "two years state prison under the Youthful Offender Act to be followed by two years probation."[1] On August 24, 1982, after serving approximately ten months in prison, Lollis was released on parole.
Subsequently, on May 27, 1983, an affidavit of violation of probation was filed alleging Lollis violated one condition of his probation on three different occasions. On June 9, a warrant was issued charging Lollis violated his parole by committing the same acts which were alleged in the affidavit of violation of probation. Thereafter, a hearing on the violation of probation was held on July 18, 1983, and after evidence was heard, the trial court revoked Lollis' probation and sentenced him to five years in state prison with credit for time served. Lollis then filed timely notice of appeal.
Upon examination of the record on appeal and the arguments espoused by both parties, we agree with Lollis' contention that the Fourth District's decision in Clem v. State, No. 81-2243 (Fla. 4th DCA Aug. 31, 1983) (8 FLW 2135), is dispositive in his favor as to the jurisdictional issue. First, Lollis is not precluded from raising the jurisdictional argument for the first time on appeal because the lack of a circuit court's subject matter jurisdiction involves fundamental error. Page v. State, 376 So.2d 901 (Fla. 2d DCA 1979). Accord, Clem. Second, with respect to the merits of Lollis' contention, the Clem court explained:

*432 A youthful offender released from prison by parole or by accumulation of statutory gain time allowances must remain in a community control program for a maximum of two years. § 958.10. The agreement governing the release sets forth the terms governing the youthful offender's stay in the community control program. § 958.10(2). If the youthful offender violates the terms of his release agreement (and thereby of his community control program), his release on parole is subject to revocation. § 958.10(2). Violation of the terms of the agreement does not result in a return to prison unless that violation also constitutes a violation of a criminal statute. § 958.10(3).
The court further held that there "can never be a probationary period following a period of imprisonment for a youthful offender committed to the Department of Corrections pursuant to section 958.05(2) because the sentence that section authorizes includes a term of service in a community control program." The court concluded that section 958.14, which subjects a youthful offender to probation revocation proceedings, does not apply to youthful offenders serving in a community control program begun pursuant to section 958.10 after a period of imprisonment. Accordingly, because we hold Lollis was serving in a community control program after a period of imprisonment, we further hold that only the Parole and Probation Commission had authority to return Lollis to prison for violating the terms of his release agreement.
Therefore, we VACATE that part of the original sentence ordering probation, REVERSE the order revoking probation and the order imposing the sentence appealed from. We REMAND the cause to the circuit court with directions that it transfer custody of Lollis to the Commission for further proceedings. We need not address Lollis' other contention in this appeal because of our disposition of the case.
Finally, we wish to join our sister court in certifying the following question to be one of great public importance:
WHEN A YOUTHFUL OFFENDER HAS BEEN SENTENCED PURSUANT TO SECTION 958.05(2), FLORIDA STATUTES (1979), DOES THE CIRCUIT COURT HAVE JURISDICTION TO ENTER SANCTIONS AGAINST THE YOUTHFUL OFFENDER FOR VIOLATING THE TERMS OF HIS COMMUNITY CONTROL PROGRAM OR DOES JURISDICTION OVER THE VIOLATION LIE EXCLUSIVELY IN THE PAROLE AND PROBATION COMMISSION?
REVERSED and REMANDED with directions.
HOBSON, A.C.J., and SCHEB, J., concur.
NOTES
[1] Consistent with our decision in Riley v. State, 407 So.2d 967 (Fla. 2d DCA 1981), we construe the trial court's imposition of probation to mean that Lollis was to be placed in a community control program because the trial court referred to the Youthful Offender Act, which is the designation used by the Act for supervision after incarceration of a juvenile. § 958.05(2), Fla. Stat. (1979).