449 So.2d 973 (1984)
Ricky Walter SPURLOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1049.
District Court of Appeal of Florida, Fifth District.
May 10, 1984.
*974 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant appeals a probation revocation order. He contends the trial court lacked jurisdiction to revoke his probation based upon Clem v. State, No. 81-2243 (Fla. 4th DCA Aug. 31, 1983) [8 FLW 2135] (rehearing pending). Clem holds that a youthful offender sentenced to imprisonment and probation is on parole following his release from incarceration, therefore not subject to the trial court's jurisdiction at that point. We reject Clem v. State, find the trial court had jurisdiction and affirm the revocation order. See Bowen v. State, 415 So.2d 142 (Fla. 5th DCA 1982) and Riley v. State, 407 So.2d 967 (Fla. 2d DCA 1981).
The defendant also asserts the trial court failed to give credit for time served. Because he did not raise this matter below, we reject his assertion, without prejudice to his right to present the issue to the trial court pursuant to Florida Rule of Criminal Procedure 3.850. See Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981). In addition, the defendant may want to challenge, by a 3.850 motion, the five-year sentence of imprisonment, entered subsequent to revocation, as being in contravention of section 958.05(2), Florida Statutes (1981). See also Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983), review denied, 443 So.2d 980 (Fla. 1984).
Accordingly, the order of revocation is affirmed.
AFFIRMED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.