460 So.2d 942 (1984)
Richard J. LOVELESS, Petitioner,
v.
Fred L. BRYSON, Circuit Judge, Sixth Judicial Circuit, Respondent.
No. 84-1362.
District Court of Appeal of Florida, Second District.
December 7, 1984.
*943 Robert E. Jagger, Public Defender, Clearwater, and Chris Thom, Asst. Public Defender, Clearwater, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondent.
SCHEB, Acting Chief Judge.
On September, 1, 1981, petitioner was sentenced under the Youthful Offender Act. Pursuant to section 958.05(2), Florida Statutes (1981), he was given a sentence of four years imprisonment to be followed by two years service in a community control program. While serving the community control portion of his commitment, an affidavit of violation of probation was filed on April 3, 1984, and a warrant issued alleging that petitioner violated his probation. On June 1 petitioner moved to dismiss the affidavit and warrant on the ground that the circuit court lacked subject matter jurisdiction. The court denied the motion, whereupon petitioner filed his petition for writ of prohibition.
Our analysis of this case must begin with the statute that petitioner was sentenced under. Section 958.05(2), Florida Statutes (1981) provides:
The court may commit the youthful offender to the custody of the department for a period not to exceed 6 years. The sentence of the court shall specify a period of not more than the first 4 years to be served by imprisonment and a period of not more than 2 years to be served in a community control program. The defendant shall serve the sentence of the court unless sooner released as provided by law.
Petitioner suggests that once he has been sentenced under this statute, the terms of his release are then governed by sections 958.10(1) and (2), which state:
(1) A youthful offender, when placed in a community control program upon release from imprisonment by parole or by accumulation of statutory gain-time allowances, shall be supervised in the program for a period not to exceed either 2 years or the balance of the maximum term to which he was sentenced, whichever is less; and the release shall be under such conditions as may be set by written order of the Parole and Probation Commission.
(2) During the period spent in the community control program, the youthful offender shall perform the terms and conditions of his release agreement and shall be subject to revocation or modification of the release agreement as if he were on parole. The provisions of s. 945.30 shall apply to youthful offenders released on parole or by accumulation of statutory gain-time allowances, except those youthful offenders within or without the state under an interstate compact adopted pursuant to chapter 949.
Petitioner argues that these sections subject him to revocation or modification "as if he were on parole." Thus, he concludes that the Parole and Probation Commission, not the court, has jurisdiction over him. He relies on this court's recent decision in Lollis v. State, 449 So.2d 430 (Fla. 2d DCA 1984), which in turn relied on the Fourth District's opinion in Clem v. State, No. 81-2243 (Fla. 4th DCA August 31, 1983) [Clem I]. Subsequent to the filing of this petition, the Fourth District withdrew its opinion as being erroneous and entered a new opinion holding that, pursuant to sections 958.05(2) and 958.14, the circuit court has jurisdiction over offenders in a community control program. Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984) [Clem II]. *944 We think the language of section 958.10, while somewhat unclear, does lend support to the decision we reached in Lollis. However, it now appears to us that a recent amendment to section 948.06 explicitly controls the present case and distinguishes our opinion in Lollis.
Section 958.14, Florida Statutes (1983) provides:
A violation or alleged violation of the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1).
Chapter 83-131, section 20, Laws of Florida, amended section 948.06(1) to encompass community control violations in addition to probation violations. The amended statute, which became effective October 1, 1983, states as follows:

Whenever within the period of probation or community control there is reasonable ground to believe that a probationer or offender in community control has violated his probation or community control in a material respect, any parole or probation supervisor may arrest such probationer or offender without warrant wherever found and shall forthwith return him to the court granting such probation or community control. Any committing magistrate may issue a warrant, upon the facts being made known to him by affidavit of one having knowledge of such facts, for the arrest of the probationer or offender, returnable forthwith before the court granting such probation or community control. Any parole or probation supervisor, any officer authorized to serve criminal process, or any peace officer of this state is authorized to serve and execute such warrant. The court, upon the probationer or offender being brought before it, shall advise him of such charge of violation and, if such charge is admitted to be true, may forthwith revoke or modify the probation, place the probationer into a community control program, or continue the probation. If probation is revoked, the court shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control. If such violation of probation or community control is not admitted by the probationer or offender, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation or community control violation. If such charge is not at that time admitted by the probationer or offender and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer or offender an opportunity to be fully heard on his behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation or community control or place the probationer into community control. If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.
(Emphasis supplied.) This section specifically vests jurisdiction in "the court granting such probation or community control."
In Lollis, the defendant was charged with a violation of probation before the effective date of the amendment to section 948.06(1). Here, the petitioner was charged with violating his probation after the effective date of the amendment. Thus; Lollis is distinguishable, and section 948.06(1) clearly governs the disposition of the present case.
We also point out that section 958.05(2) is consistent with section 948.01(8), which provides:
Whenever punishment by imprisonment for a misdemeanor or a felony ... is prescribed, the court, in its discretion, *945 may, at the time of sentencing, direct the defendant to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence.
Section 948.01(11) states that "[p]rocedures governing violations of community control shall be the same as those described in s. 948.06 with respect to probation." Thus, petitioner is incorrect in claiming that he would be under the jurisdiction of the Parole and Probation Commission. Furthermore, Florida's Objective Parole Guidelines Act (Chapter 947, Florida Statutes (1983)) makes no provision at all for the Parole and Probation Commission to deal with offenders in community control programs. Those offenders, however, are covered under chapter 948, which deals with probation and vests jurisdiction over violations in the courts of this state having criminal jurisdiction.
It appears, therefore, that jurisdiction over petitioner is vested in the circuit court and that the petition for writ of prohibition should be denied. Accord Clem II; Spurlock v. State, 449 So.2d 973 (Fla. 5th DCA 1984).
Due to the apparent confusion over applicability of the above statutes, we certify the following question[1] to the Supreme Court of Florida as one of great public importance:
WHEN A YOUTHFUL OFFENDER HAS BEEN SENTENCED PURSUANT TO SECTION 958.05(2), FLORIDA STATUTES (1983), DOES THE CIRCUIT COURT HAVE JURISDICTION TO ENTER SANCTIONS AGAINST THE YOUTHFUL OFFENDER FOR VIOLATING THE TERMS OF HIS COMMUNITY CONTROL PROGRAM OR DOES JURISDICTION OVER THE VIOLATION LIE EXCLUSIVELY IN THE PAROLE AND PROBATION COMMISSION?
DANAHY and SCHOONOVER, JJ., concur.
NOTES
[1] In Lollis we certified the same question that we are certifying in this case. However, the supreme court dismissed that case, because the notice of appeal was untimely filed. State v. Lollis, 453 So.2d 45 (Fla. 1984).