462 So.2d 24 (1984)
Eric Antonio BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-493.
District Court of Appeal of Florida, Fifth District.
December 6, 1984.
On Rehearing January 17, 1985.
*25 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
This appeal challenges the correctness of our determination in the case of Spurlock v. State, 449 So.2d 973 (Fla. 5th DCA 1984). Therein, we held that a youthful offender who has completed that portion of his sentence involving prison incarceration is subject to a revocation proceeding held by the trial court for misconduct occurring during the community control portion of the offender's split sentence. Our holding was based on the provisions of sections 958.14 and 948.06(1), Florida Statutes (1983). Those provisions read as follows:
958.14 Violation of community control program.  A violation or alleged violation of the terms of a community control program shall subject the youthful offender to the provisions of s.948.06(1). 948.06 Violation of probation or community control; revocation; modification; continuance. 
(1) Whenever within the period of probation or community control there is reasonable ground to believe that a probationer or offender without warrant wherever found and shall forthwith return him to the court granting such probation or community control. Any committing magistrate may issue a warrant, upon the facts being made known to him by affidavit of one having knowledge of such facts, for the arrest of the probationer or offender, returnable forthwith before the court granting such probation or community control. Any parole or probation supervisor, any officer authorized to serve criminal process, or any peace officer of this state is authorized to serve and execute such warrant. The court, upon the probationer or offender being brought before it, shall advise him of such charge of violation and, if such charge is admitted to be true, may forthwith revoke or modify the probation, place the probationer into a community control program, or continue the probation. If probation is revoked, the court shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control. If such violation of probation or community control is not admitted by the probationer or offender, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation or *26 community control violation. If such charge is not at that time admitted by the probationer or offender and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer or offender an opportunity to be fully heard on his behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation or community control or place the probationer into community control. If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.
In the instant case, the defendant below, Eric Bradley, was adjudged guilty of armed robbery in 1981 and, as a youthful offender, committed to the custody of the Department of Corrections for the maximum[1] six-year term, the first four years to be served in prison, followed by two years of community control. During his community control, an affidavit of violation was filed against him alleging subsequent criminal offenses. The trial judge held a hearing, determined that Bradley had violated the terms of his community control, and entered an order of revocation, following which a sentence of fifteen years, with credit for time served, was imposed.
On appeal Bradley contends that a defendant serving a split sentence pursuant to section 958.05(2), Florida Statutes, is under the exclusive jurisdiction of the Parole and Probation Commission when he violates the terms of his release under a community control program. He recognizes that this position is contrary to our holding in Spurlock and urges that we reconsider and recede therefrom. He relies primarily upon two cases: Clem v. State, No. 81-2243 (Fla. 4th DCA Aug. 31, 1983) [8 FLW 2135], rehearing pending, and Lollis v. State, 449 So.2d 430 (Fla. 2d DCA 1984), review denied, 453 So.2d 45 (Fla. 1984).
The provisions of section 958.10, Florida Statutes (1983), seemingly lend support to Bradley's argument:
958.10 Community control program; maximum term. 
(1) A youthful offender, when placed in a community control program upon release from imprisonment by parole or by accumulation of statutory gain-time allowances, shall be supervised in the program for a period not to exceed either 2 years or the balance of the maximum term to which he was sentenced, whichever is less; and the release shall be under such conditions as may be set by written order of the Parole and Probation Commission.
(2) During the period spent in the community control program, the youthful offender shall perform the terms and conditions of his release agreement and shall be subject to revocation or modification of the release agreement as if he were on parole. The provisions of s. 945.30 shall apply to youthful offenders released on parole or by accumulation of statutory gain-time allowances, except those youthful offenders within or without the state under an interstate compact adopted pursuant to chapter 949.
It is apparent under subsection (1) above that the four-year sentence of imprisonment imposed by the trial court may be interrupted by parole release, thereby commencing the two-year community control program at an earlier date. A community control program, as described in section 958.03(2), means "an individualized program of restriction or noninstitutional confinement for youthful offenders placed in the community in lieu of commitment to the custody of the department and for youthful offenders subsequent to release from the custody of the department as provided by law."
Under subsection (2) of section 958.10, quoted above, it is stated that the youthful *27 offender's release from imprisonment to the community control program is subject to revocation "as if he were on parole." This implies exclusive jurisdiction of the Probation and Parole Commission to revoke or not revoke the release. But section 958.14, which is subsequent in location in the statutes to section 958.10,[2] explicitly states that a youthful offender who violates the terms of his community control release shall be subject to the provisions of section 948.06(1)  which explicitly authorizes the court which granted the community control release to revoke it and then to "impose any sentence which it might have originally imposed... ." This can only mean, in this context, that the sentence of imprisonment can be the remaining balance of the original six-year sentence imposed, after consideration of the time actually served.
In Spurlock we rejected the conclusion of Clem v. State, supra, but noted that a rehearing was pending in that case. Rehearing was granted and the Fourth District is now in accord with our opinion in Spurlock. See Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984). A contrary view has been taken, however, by the Second District in Lollis v. State, 449 So.2d 430 (Fla. 2d DCA 1984), wherein it was held that there can be no "probation" for a youthful offender following imprisonment, and section 958.14 does not apply to youthful offenders serving in a community control program begun pursuant to section 958.10 after a period of imprisonment. Such an offender, under Lollis, is solely under the supervisory authority of the Parole and Probation Commission, and his release to community control cannot be revoked by the trial court. On their face, sections 958.14 and 948.06(1) make no distinction between those youthful offenders serving in a community control program after imprisonment and those who enter community control directly.
Given the explicit and unambiguous language of sections 958.14 and 948.06(1), we adhere to our holding in Spurlock to the effect that a youthful offender released to community control following a sentence of imprisonment is subject to the supervisory authority of the trial court, and the latter has the power to revoke his release. In so holding, we acknowledge conflict with Lollis.
The second issue on this appeal concerns an excessive sentence under the mandatory sentencing provision of section 958.05(2), Florida Statutes (1983), which provides for a maximum six-year term. The state concedes this error; hence we remand for resentencing in this regard.
AFFIRMED in part; REVERSED in part; and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.

ON MOTION FOR REHEARING
COBB, Chief Judge.
Pursuant to appellant's motion for rehearing, we herewith certify that our decision herein is in direct conflict with Lollis v. State, 449 So.2d 430 (Fla. 2d DCA), dismissed, 453 So.2d 45 (Fla. 1984). See Fla.R. App.P. 9.030(a)(2)(A)(vi).
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] See § 958.05(2), Fla. Stat. (1979).
[2] See sections 181 and 182 of Volume 49, Florida Jurisprudence 2d, Statutes, pages 219-22, relating to the construction of irreconcilable statutes and the prevalence of a specific statute over a general one.