462 So.2d 607 (1985)
James Leroy CROSBY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1110.
District Court of Appeal of Florida, Second District.
January 25, 1985.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, James Leroy Crosby, has appealed from the judgments and sentences entered against him in connection with two informations charging him with burglary of a dwelling in violation of section 810.02(3), Florida Statutes (1979). We affirm in part and reverse in part.
On October 1, 1980, appellant was adjudicated guilty of both charges, and pursuant to the Florida Youthful Offender Act, chapter 958 Florida Statutes (1979), concurrent sentences of four years imprisonment followed by two years probation in a community control program were imposed upon him. On March 26, 1984, appellant was found guilty of violating his probation. Appellant's probation was revoked, and he was sentenced to serve concurrent sentences of eight years imprisonment on each of the original charges. Appellant then filed a timely notice of appeal.
We reject appellant's contention that the trial court did not have jurisdiction to hear and determine this matter. After a youthful offender has been sentenced under the Youthful Offender Act, the circuit court has jurisdiction to impose sanctions against him for violating the terms of his *608 community control program. Loveless v. Bryson, 460 So.2d 942 (Fla. 2d DCA 1984); accord Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); Bradley v. State, 462 So.2d 24 (Fla. 5th DCA 1984).
We agree with appellant's contention that the trial court erred in imposing two eight-year sentences for his violation of community control. Once a party is classified as a youthful offender, the trial court must sentence the party in accordance with the Youthful Offender Act. Waugh v. State, 406 So.2d 1238 (Fla. 2d DCA 1981). Pursuant to the Act, a defendant can be sentenced to a maximum of four years of incarceration (with appropriate jail credit), and to a maximum of two years of community control. § 958.05(2), Fla. Stat. (1983); Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983), pet. for rev. den., 443 So.2d 980 (Fla. 1984). Since the sentences imposed upon the appellant exceed the maximum allowed by the Youthful Offender Act, the court erred in imposing them.
We, accordingly, affirm the judgments entered herein but remand to the trial court for resentencing pursuant to the Florida Youthful Offender Act. Waugh.
Reversed and remanded for proceedings consistent herewith.
GRIMES, A.C.J., and SCHEB, J., concur.