463 So.2d 406 (1985)
Clement MOORE, Appellant,
v.
The STATE of Florida, Appellee.
Ramon Jaime MASS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 84-1749, 84-1994.
District Court of Appeal of Florida, Third District.
January 29, 1985.
Rehearing Denied March 4, 1985.
*407 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., and Renee E. Ruska, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
In separate cases, the defendants were convicted of criminal offenses and classified by the respective trial courts as youthful offenders pursuant to the Florida Youthful Offender Act. See ch. 958, Fla. Stat. (1979). Each defendant was sentenced to four years incarceration followed by two years community control. § 958.05(2). While serving in the community control program, affidavits of violation of community control were filed in the circuit court against the respective defendants in December 1983 and May 1984. Both defendants moved to dismiss the affidavits on the ground that the circuit court lacked subject matter jurisdiction to revoke their community control. They argued that the provisions of chapter 958, Florida Statutes (1983), vested exclusive jurisdiction over the matter in the parole commission. After the denials of their motions, the defendants pled nolo contendere to the violations and appealed the jurisdictional question to this court. We affirm.
We find that the more specific provisions of section 958.14, Florida Statutes (1983), govern over the more general provisions of section 958.10, Florida Statutes (1983). Section 958.14 provides that alleged violations of a community control program shall subject the youthful offender to the provisions of section 948.06(1), Florida Statutes (1983). Section 948.06(1) deals with violations of probation and community control and specifically vests jurisdiction in "the court granting such probation or community control." Loveless v. Bryson, 460 So.2d 942 (Fla. 2d DCA 1984) (on motion for rehearing); Bradley v. State, 462 So.2d 24 (Fla. 5th DCA 1984). All district courts that have considered the issue are now in agreement that the present statutes vest jurisdiction in the courts over community control violations.[1]See Loveless; Bradley; Smith v. State, 455 So.2d 615 *408 (Fla. 4th DCA 1984); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984) (on motion for rehearing granted); Sprulock v. State, 449 So.2d 973 (Fla. 5th DCA 1984).
Accordingly, we find the circuit court had jurisdiction and affirm the denial of the defendants' motions to dismiss.
NOTES
[1] We note that in the second and fourth districts, the courts initially determined that the parole commission had exclusive jurisdiction over violations of community control following incarceration, Loveless v. Bryson, 9 FLW 1908 (Fla. 2d DCA Sept. 7, 1984); Clem v. State, 8 FLW 2135 (Fla. 4th DCA Aug. 31, 1983), but subsequently reversed their positions finding jurisdiction in the sentencing court. Loveless v. Bryson, 460 So.2d 942 (Fla. 2d DCA 1984) (on motion for rehearing); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984) (on motion for rehearing granted). The second district court, however, appears to adhere to the view expressed in Lollis v. State, 449 So.2d 430 (Fla. 2d DCA), cause dismissed, 453 So.2d 45 (Fla. 1984), that the parole commission has exclusive jurisdiction over charges of violation of community control following incarceration, if those charges were filed before October 1, 1983. See Loveless, 460 So.2d at 942; Ch. 83-131, § 20, Laws of Fla.