463 So.2d 491 (1985)
Samuel Dean HART, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 84-1571.
District Court of Appeal of Florida, Second District.
February 8, 1985.
*492 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy Ann Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant was convicted on charges of armed robbery and accessory after the fact and was sentenced as a youthful offender to concurrent terms of four years incarceration followed by two years community control on each charge. Thereafter, an affidavit for violation of the community control program was filed against him. Defendant pleaded nolo contendere to the violation. The court revoked the community control and sentenced defendant to twenty years imprisonment on the armed robbery charge and four years on the other charge to run concurrently. We affirm the revocation of community control but reverse the sentence imposed.
Defendant first contends that the trial court was without jurisdiction to revoke the community control. We disagree. See Crosby v. State, 462 So.2d 607 (Fla. 2d DCA 1985); Loveless v. Bryson, 460 So.2d 942 (Fla. 2d DCA 1984).
However, we agree with defendant's second contention that the sentence was excessive. Section 948.06, Florida Statutes (1983), provides that upon revocation of a defendant's community control program, the trial court may "impose any sentence which it might have originally imposed before placing the ... offender into community control." See also § 958.14, Fla. Stat. (1983). This court recently held in a factually similar case that a youthful offender could receive a maximum of four years of incarceration (with appropriate jail credit) and ... two years of community control. Crosby, at 608.
Upon remand the defendant, of course, should be given proper credit for time served. See State v. Jones, 327 So.2d 18 (Fla. 1976); Calhoun v. State, 403 So.2d 1082 (Fla. 1st DCA 1981).
Reversed and remanded for proceedings consistent herewith.
RYDER, C.J., and OTT and LEHAN, JJ., concur.