RYDER, Chief Judge.
Joseph Fisher pleaded guilty to a charge of burglary and was sentenced as a youthful offender, pursuant to section 958.05(2), Florida Statutes (1983), to eighteen months imprisonment to be followed by eighteen months of community control. Subsequently, he violated the community control, pleaded guilty, and was sentenced to three years imprisonment. He appeals the judgment and sentence, contending that the trial court lacked subject matter jurisdiction to revoke his community control. Relying on this court’s decision in Lollis v. State, 449 So.2d 430 (Fla. 2d DCA 1984), cause dismissed, 453 So.2d 45 (Fla.1984), he argues that only the Parole and Probation Commission had authority to return him to prison.
Although appellant correctly interpreted our holding in Lollis, he was charged with violating his community control program after October 1, 1983, the *240 effective date of an amendment to section 948.06(1), Florida Statutes (1988), which is controlling.. Lollis concerned a defendant who was charged with violating his community control prior to October 1, 1983. Section 948.06(1), as amended, specifically vests jurisdiction to revoke community control in “the court granting such probation or community control.” Loveless v. Bryson, 460 So.2d 942 (Fla. 2d DCA 1984). Therefore, the trial court did not err in revoking appellant’s community control and sentencing him to a term of imprisonment. See also Hart v. State, 463 So.2d 491 (Fla. 2d DCA 1985); Moore v. State, 463 So.2d 406 (Fla. 3d DCA 1985).
The state asserts that because appellant pleaded guilty to the community control violation charge, he may not appeal the question of the trial court’s jurisdiction. It is well-settled that a defendant may appeal the court’s subject matter jurisdiction after a guilty plea. Robinson v. State, 373 So.2d 898 (Fla.1979).
Accordingly, the judgment and sentence imposed by the trial court is affirmed.
OTT, J., and THOMPSON, JAMES R., Associate Judge, concur.