470 So.2d 30 (1985)
Kenneth William LANE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1304.
District Court of Appeal of Florida, Fifth District.
May 9, 1985.
Rehearing Denied June 6, 1985.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence. Appellant was determined by the trial court to be a proper candidate for sentencing under the Youthful Offender Act, Chapter 958, Florida Statutes (1981). He was sentenced under that act and for a portion of his sentence he was placed in community control. During this two year period he violated some terms of his supervision program. When he was brought before the court on charges of violation he challenged the court's authority to exercise its jurisdiction over him and revoke his less onerous community control and put him in prison. Spurlock v. State, 449 So.2d 973 (Fla. 5th DCA 1984), pet. for rev. den., 466 So.2d 212 (Fla. 1985) and Bradley v. State, 462 So.2d 24 (Fla. 5th DCA 1984) authorize such a procedure and sanction for violators. See also Hart v. State, 463 So.2d 491 (Fla. 2d DCA 1985); Moore v. State, 463 So.2d 406 (Fla. 3d DCA 1985); Crosby v. State, 462 So.2d 607 (Fla. 2d DCA 1985); Loveless v. Bryson, 460 So.2d 942 (Fla. 2d DCA 1984) (on motion for rehearing); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984) (on motion for rehearing); Smith v. State, 455 So.2d 615 (Fla. 4th DCA 1984). The single case not in accord with the cited cases is Lollis v. State, 449 So.2d 430 (Fla. 2d DCA 1984), upon which appellant relies. Lollis is distinct from the instant case and the cited cases because the appellant in Lollis *31 violated the conditions of community control prior to October 1, 1983.[1]
Appellant is entitled to relief, however, because the maximum sentence he can receive is six years, four in confinement and two in community control, and the trial court exceeded that by giving him seven years for each charge. The sentences are reversed and this cause is remanded for sentencing in accordance with the statute not to exceed six years, with credit for time served in confinement and in community control. Although he can receive six years for each charge, they must be concurrent in order to comply with the intention of the Youthful Offender Act.
Sentence REVERSED and REMANDED.
SHARP, and COWART, JJ., concur.
NOTES
[1] Chapter 83-131, § 20, Laws of Florida, effective October 1, 1983, amended § 948.06(1), Fla. Stat. to encompass community control violations in addition to probation violations.