SCHWARTZ, Chief Judge.
We agree with Lollis v. State, 449 So.2d 430 (Fla. 2d DCA 1984) that the trial court lacks authority to revoke the community control portions of a Youthful Offender sentence for a breach — in this case, a burglary — of the supervision program which occurred prior to October 1, 1983, the effective date of Chapter 83-131, § 20, Laws of Florida. See Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985) (trial court had authority to revoke community control for post-October 1, 1983 violation, noting distinction with pre-October 1,1983 conduct) and cases cited; Moore v. State, 463 So.2d 406 (Fla. 3d DCA 1985) (same). On this basis, the sentences now under review in Cases 80-6004, 80-7504, and 80-12112 are vacated without prejudice to proceedings before the Parole and Probation Commission with respect to these charges.
There is no error, however, in revoking Ellis’s “adult” probation in Case 80-11738, even though it was not formally to commence until the conclusion of his Youthful Offender sentences, and therefore had not yet begun when the offense was committed. Stafford v. State, 455 So.2d 385 (Fla. 1984); Williamson v. State, 388 So.2d 1345 (Fla. 3d DCA 1980). Accordingly, the judgment and sentence in Case 80-11738 are affirmed.
Affirmed in part, vacated in part.