RYDER, Chief Judge.
The appellee was sentenced pursuant to the Florida Youthful Offender Act, chapter 958, Florida Statutes (1979), to a term of imprisonment followed by community control. When an affidavit was filed alleging that appellee violated the terms of his community control program, the trial judge dismissed it and the accompanying arrest warrant, ruling that the circuit court lacked subject matter jurisdiction of the matter. We reverse.
Appellee was charged with violating his probation after October 1, 1983, the effective date of an amendment to section 948.-06(1), Florida Statutes. The amendement provided that the sentencing court has jurisdiction to revoke a youthful offender’s community control. Therefore, the trial court erred in dismissing the affidavit and warrant for lack of subject matter jurisdiction. Crosby v. State, 462 So.2d 607 (Fla. 2d DCA 1985); Loveless v. Bryson, 460 So.2d 942 (Fla. 2d DCA 1984).
Accordingly, we quash the trial court’s order dismissing the affidavit and warrant and remand to the trial court with instructions to take any appropriate action upon the affidavit and warrant.
SCHEB and HALL, JJ., concur.