LEHAN, Judge.
Defendant appeals from the revocation of his probation in a community control program which was imposed pursuant to the Youthful Offender Act, chapter 958, Florida Statutes (1983). We reverse on the basis of defendant’s second contention on appeal, as explained below.
Defendant’s first contention on appeal is that the trial court had no jurisdiction to revoke community control and that any violations of community control are to be addressed by the Department of Corrections. However, if a defendant is charged with violating community control after October 1, 1983, jurisdiction is vested in the circuit court pursuant to the 1983 amendment to section 948.06, Florida Statutes. See Crosby v. State, 462 So.2d 607 (Fla. 2d DCA 1985); Loveless v. Bryson, 460 So.2d 942 (Fla. 2d DCA 1984). The 1983 amendment applies to this case because defendant was charged in July, 1984, with violating his community control in July, 1984.
Defendant’s second contention is that the state presented insufficient evidence to support the revocation of community control. We agree. The affidavit alleged that defendant had violated community control by burglarizing a certain office building and by possessing alcoholic beverages while under age nineteen.
Briefly stated, the facts are that the police were alerted to an open door in the office building in the early morning hours. The door had been pried open, but no property inside the office was missing or disturbed and no damage was done except to the door. Near the building the police found a screwdriver, a scanner, a pry bar, and a sock. The police saw defendant and another person in a car entering an alleyway adjacent to the office building. The police found a scanner case and four unopened bottles of beer on the rear seat. Under the front seat they found a sock which matched the sock found near the office. Defendant was in the front passenger seat of the car. The car was being driven by defendant’s companion and belonged to the companion’s father.
The evidence was insufficient to show that defendant either committed a burglary or possessed alcoholic beverages. Defendant was not shown to be in possession of either the beer or the alleged instrumentalities of the burglary. “If the premises where contraband is found is in joint, rather than exclusive, possession of a defendant, ... knowledge of the contraband’s presence and the ability to control it will not be inferred from the ownership but must be established by independent proof.” Brown v. State, 428 So.2d 250, 252 (Fla.1983). See also Coley v. State, 393 So.2d 60 (Fla. 3d DCA 1981).
Probation may be revoked when the probationer’s criminal activity is shown by the greater weight of the evidence. Fernander v. State, 434 So.2d 24 (Fla. 3d DCA 1983); Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982). A revocation of probation is unjustified when the evidence, viewed in the light most favorable to the state, creates only a suspicion of criminal activity. Fernander; Miller.
Reversed.
OTT, A.C.J., and SCHOONOVER, J., concur.