PER CURIAM.
Donnell Howard appeals a split sentence of prison and probation imposed after the trial court found that Howard had violated the conditions of a 1986 probationary term. We agree that the evidence was insufficient to prove a violation of probation, and reverse.
The specific violation ascribed to Howard was the burglary of a Tampa Ramada Inn and the theft of various items. Ann Bon-nett, a “night auditor,” observed two men removing property from the second floor of the motel. She called police, who arrived just as a vehicle containing the two men was leaving the parking lot. The car was stopped, and was found to contain items that had been taken from the motel. Three of its occupants fled at the approach of police; Howard, a passenger in the back seat, did not. Ms. Bonnett could not identify Howard as one of the two thieves she had observed earlier. Anthony Davis, a defense witness, admitted participating in the theft, but stated that Howard was not involved. Davis testified that he had “picked up” Howard in his car and that Howard did not know what was going on.
On appeal the state suggests that Anthony Davis’s “exculpatory” testimony, which the trial court obviously rejected, was unworthy of belief. It is axiomatic that the trier of fact is free to disbelieve the testimony of a witness who has been impeached or discredited. See, e.g., Sumpter v. State, 45 Fla. 106, 33 So. 981 (1903). It is another matter to suggest that this same testimony may somehow resurface as proof of guilt. Even disregarding Davis’s testimony we are left with proof, at best, that Howard was present while a crime was being committed. This is insufficient to prove him guilty of active participation in that crime. Cf. Swift v. State, 473 So.2d 818 (Fla. 2d DCA 1985).
Reversed with directions to vacate the present split sentence and restore Howard to the original terms and conditions of probation.
DANAHY, A.C.J., and HALL and PATTERSON, JJ., concur.