398 So.2d 1011 (1981)
Eric Earl GREENE, Appellant,
v.
STATE of Florida, Appellee.
No. WW-57.
District Court of Appeal of Florida, First District.
May 21, 1981.
Michael E. Allen, Public Defender and Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
PER CURIAM.
Greene raises four points on appeal, three of which are without merit. However, we agree with appellant's contention that he was improperly sentenced. He had initially been sentenced pursuant to an adjudication of guilt on a burglary charge pursuant to Section 958.04(2), Florida Statutes (1979), as a youthful offender. Subsequently, he was charged with three separate robberies which led to the revocation of his probation. After the lower court revoked his probation, it reimposed a 15-year sentence for the original burglary charge contrary to Section 958.04(2). In so sentencing the appellant, the trial court erred because he met all the criteria of Section 958.04(2), mandating that section's application. See Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980); Abram v. State, no. TT-193 (Fla.1st DCA, April 14, 1981) [1981 FLW 879].
As in Goodson and Abram we certify the following question to the Supreme Court of the State of Florida as one of great public importance:
Does Section 958.04(2), Florida Statutes (1979), provide for mandatory classification if certain statutory prerequisites are satisfied?
*1012 The case is reversed and remanded for proper sentencing consistent with this opinion. The lower court's judgment is otherwise affirmed.
ERVIN, J., LILES, WOODIE A. (Retired), and PEARSON, TILLMAN (Retired), Associate Judges, concur.