411 So.2d 297 (1982)
David PRESTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1332.
District Court of Appeal of Florida, Third District.
March 23, 1982.
*298 Bennett H. Brummer, Public Defender and Deborah Whisnant and Elliot H. Scherker, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., FERGUSON, J., and MELVIN, WOODROW M. (Ret.) Associate Judge.
FERGUSON, Judge.
David Preston appeals from a court order denying his motion to correct the sentence imposed pursuant to a determination of probation violation. Preston claims that because he was originally entitled to designation as a youthful offender, he must be sentenced in accordance with the provisions of the Youthful Offender Act, Section 958.05, Florida Statutes (1979) upon revocation of probation imposed in adult court. We disagree.
After being transferred from juvenile court to circuit court, Preston pled guilty to the charge of robbery with use of a deadly weapon. During the plea colloquy, the trial court emphasized to Preston that it was giving him a second chance and that if Preston violated his probation, he would be sent away for a long time, possibly for life. In addition, the court requested Preston's mother to impress on Preston that if he violated probation he could be sentenced for life.
The Court: I'm trying to tell you in no uncertain terms that I mean business. This is not the juvenile court remember that... .
I have no hesitation in sentencing him. I have sentenced the young people to the state penitentiary before, and I'll do it again. I take no pleasure, but it's my job, and I will do it.
I just sent a fifteen-year-old girl over for life imprisonment on a murder charge. I sentenced a fourteen-year-old boy for life imprisonment. I don't want to do it in your case. Don't make me.
Preston's argument on appeal is essentially that because he met the requirements entitling him to be designated as a youthful offender and because sentencing under the Youthful Offender Act is mandatory if a defendant meets the requirements of Section 958.04(1), Florida Statutes (1979), State v. Goodson, 403 So.2d 1337 (Fla. 1981), the rule that a youthful offender who has violated probation may only be sentenced within the limitations of the Youthful Offender Act, Brandle v. State, 406 So.2d 1221 (Fla. 4th DCA 1981); Greene v. State, 398 So.2d 1011 (Fla. 1st DCA 1981), should apply to him. Where, however, a defendant never sought designation as a youthful offender and was not sentenced to a period of incarceration, but was placed on probation, the terms of which he fully accepted, we hold that the defendant has waived his *299 right to question the legality of a probation which he has enjoyed and violated. King v. State, 373 So.2d 78 (Fla. 3d DCA 1979).
Accordingly the order of the trial court is affirmed.