462 So.2d 1134 (1984)
Clarence L. CLEM, Appellant,
v.
STATE of Florida, Appellee.
Edward DORCH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-2243, 82-1233.
District Court of Appeal of Florida, Fourth District.
August 29, 1984.
*1135 Richard L. Jorandby, Public Defender, Anthony Calvello and Marcy K. Allen, Asst. Public Defenders, West Palm Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, Robert L. Bogen and Russell S. Bohn, Asst. Attys. Gen., West Palm Beach, for appellee.
Enoch J. Whitney, Gen. Counsel, Florida Parole & Probation Commission, Tallahassee, as amicus curiae for appellee.

ON MOTION FOR REHEARING GRANTED
PER CURIAM.
Pursuant to the State's motion for rehearing, we have reconsidered at length these consolidated appeals from orders revoking probation, have heard oral argument a second time, and have concluded that our decision filed August 31, 1983, was erroneous. We hereby withdraw it and substitute the following in its stead.

Clarence L. Clem
On August 29, 1979, a jury found Clem guilty of robbery with a weapon. On December 28, 1979, the circuit court adjudicated him guilty and, without objection by the State, exercising its discretion under Section 958.04(1), Florida Statutes (1979), directed that Clem be sentenced as a youthful offender. Later that day the court entered a judgment which ordered that Clem "be committed to the Department of Corrections for a term of FOUR ... YEARS, with credit for ... jail time; that after [he had] served TWO ... YEARS of said term, [he should] be placed on probation for a period of BALANCE OF SENTENCE PLUS * * * Additional 2 years." The Department of Corrections received custody of Clem on January 11, 1980. On April 1, 1981, the Department released him because the two year period of confinement prescribed by the judgment, etc., had expired by virtue of gain time.
On July 9, 1981, a probation officer of the Department of Corrections filed an affidavit setting forth that Clem had started serving a period of probation on April 1, 1981, and that he had violated the conditions of that probation by committing a robbery. After an evidentiary hearing on October 6, 1981, at which Clem stipulated he was on probation, the circuit court found Clem guilty of violating his probation. On October 26, 1981, the court sentenced Clem to serve sixty years in prison on the 1979 robbery. Clem's appeal, Case No. 81-2243, is from the order of revocation and from the sixty year sentence.

Edward Dorch
On April 1, 1980, Dorch entered a negotiated plea of guilty to manslaughter. The court entered a judgment of guilty and committed Dorch to the Department of Corrections for four years. After serving a "MINIMUM OF ONE (1) YEAR of said term, [he was to] be placed on probation for a period of TWO (2) YEARS." A commitment order showed that the two year probation period was to be in a community control program. The Department of Corrections obtained custody of Dorch on April 11, 1980. On May 5, 1981, he was paroled by order of the Florida Parole and Probation Commission.
On February 12, 1982, a probation officer filed an affidavit that Dorch violated the conditions of his probation by, among other things, committing a burglary on February *1136 1, 1982. After an evidentiary hearing, the court found Dorch had violated the conditions of his probation and on May 4, 1982, sentenced him to serve six years on the manslaughter conviction.
On July 7, 1982, the Florida Parole and Probation Commission revoked his parole, effective February 1, 1982, on the manslaughter sentence.
The Dorch appeal, Case No. 82-1233, is from the circuit court order revoking probation and from the six year sentence.
The primary question before us is whether the circuit court had jurisdiction to revoke the appellants' probation.
Appellants contend that the circuit court did not have jurisdiction to enter an order revoking probation because (a) the court did not have power to place them on probation; it had power only to place them in a community control program; and (b) as a result of section 958.10(2), Florida Statutes (1979), only the Parole and Probation Commission has jurisdiction to enter a sanction for violation of a community control program that a youthful offender begins to serve after a period of incarceration imposed by a court under section 958.05(2), Florida Statutes (1979). Appellants did not raise this argument during their revocation hearings; however, since it concerns the circuit court's subject matter jurisdiction they may raise it now because lack of subject matter jurisdiction is fundamental error that an appellant may raise at any time. Dicaprio v. State, 352 So.2d 78 (Fla. 4th DCA 1977); Page v. State, 376 So.2d 901 (Fla. 2d DCA 1979).
In our opinion the circuit court's improvident placement of appellants on probation rather than in a community control program has no effect on the result in this case; had they sought review before committing any violation, we would merely have directed modification of the order of probation to reflect that they were to be placed in a community control program as in Cruce v. State, 432 So.2d 734 (Fla. 4th DCA 1983). The circuit court's improvident action in the present cases had no prejudicial effect on appellants, since the crucial effect of the orders in these cases was to provide for appellants' spending only a portion of their original sentences in prison. No prejudice could have accrued to the appellants because probation entails less rigorous supervision than community control. Any error here is mere error, not jurisdictional error, and harmless error at worst. Appellants may not complain of any error in being placed on probation rather than in a community control program because they accepted the benefits of such improvident placement. Cf. King v. State, 373 So.2d 78 (Fla.3d DCA 1979); Preston v. State, 411 So.2d 297 (Fla. 3d DCA 1982).
The jurisdictional issue arises from section 958.10, Florida Statutes (1979), and its apparent conflict with sections 958.05(2) and 958.14. Pursuant to section 958.05(2) the circuit court has jurisdiction to impose a maximum sentence upon a youthful offender of not more than six years, not more than four of which are to be served in prison and not more than two years in community control. If the youthful offender violates the terms of his community control, the circuit court has jurisdiction to proceed pursuant to section 958.14, which incorporates section 948.06(1), to revoke the community control and pronounce sentence upon him. By authority of section 958.05(2) the circuit court initially ordered each appellant to incarceration and then a period of probation (which we held was meant to be community control). When they violated the terms of the probation/community control, the court had jurisdiction to sentence them pursuant to section 958.14. While we recognize that section 958.10 appears to create a conflict regarding who is in charge of the youthful offender while he is in community control and who may proceed against him in the event he violates the terms of the community control, we believe the jurisdiction of the sentencing circuit court is established by sections 958.05(2) and 958.14.
The last issue for determination is the propriety of the sentences imposed on the appellants. As indicated above, the circuit *1137 court sentenced Clem to sixty years for the offense of robbery with a weapon and Dorch to six years for manslaughter.
The State concedes that Clem's sixty year sentence is invalid, since robbery with a weapon is a first degree felony (See section 812.13(2)(b), Florida Statutes (1979)), and as such is punishable by imprisonment for not more than thirty years (See section 775.082(3)(b), Florida Statutes (1979)). However, the State takes the position that, upon a revocation of community control, the court may, under authority of section 958.14, Florida Statutes (1979), which incorporates section 948.06(1), impose whatever sentence it might originally have imposed without regard to the youthful offender act.
Because the weight of authority is directly contrary to the State's position, we hereby adhere to that authority and hold that the court may impose no more than four years' imprisonment on each appellant. See Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983), and cases cited therein.
For the reasons set forth above we affirm the orders revoking probation, which is tantamount to revocation of community control, but reverse the sentences imposed and remand the causes for resentencing in accordance with the holding in Ellis v. State, supra.
This decision passes upon the following questions, which we certify to the Supreme Court of Florida to be of great public importance:
1. When a person is sentenced as a Youthful Offender pursuant to Chapter 958.05(2), Florida Statutes (1979), does the circuit court have jurisdiction to revoke the Community Control program status of that person?
2. If the answer to the foregoing question is in the positive, may the circuit court, upon revocation of a youthful offender's Community Control Program status, treat the defendant as though it had never placed him in community control and sentence him in accordance with section 948.06(1), Florida Statutes?
DOWNEY, LETTS and GLICKSTEIN, JJ., concur.