478 So.2d 1052 (1985)
Fred Lorenzo BROOKS, Petitioner,
v.
STATE of Florida, Respondent.
No. 66417.
Supreme Court of Florida.
October 3, 1985.
Rehearing Denied December 30, 1985.
*1053 Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for respondent.
EHRLICH, Justice.
We have for consideration the following questions certified to us in Brooks v. State, 461 So.2d 995 (Fla. 1st DCA 1984), as being of great public importance:
1. When a person is sentenced as a youthful offender pursuant to chapter 958.05(2), Florida Statutes (1979), does the circuit court have jurisdiction to revoke the community control status of that person?
2. If the answer to the foregoing question is in the positive, may the circuit court, upon revocation of a youthful offender's community control program status, treat the defendant as though it had never placed him in community control and sentence him in accordance with section 948.06(1), Florida Statutes?
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and we answer both questions in the affirmative.
In 1979, petitioner was adjudicated guilty of two counts of armed robbery. He was sentenced as a youthful offender pursuant to chapter 958, Florida Statutes (1979), on each count to six years; four years imprisonment (of which one year was to be mandatory) and two years in a community control program. The sentences were to run consecutively.
Evidently petitioner was given an early release from his sentence as in September 1983, he was arrested and charged with armed robbery, grand auto theft and abduction.[1] At the probation revocation hearing in February 1984, petitioner argued that the Parole and Probation Commission had exclusive jurisdiction over him, pursuant to section 958.10.[2] The circuit court rejected petitioner's argument and found that it had jurisdiction pursuant to sections 958.14 and 948.06(1). The circuit court found a violation of probation and sentenced petitioner to two years on each count. On appeal, the First District affirmed and certified the questions now before us.
The other district courts of appeal have adopted the position of the First District sub judice and approved by us today. Moore v. State, 463 So.2d 406 (Fla. 3rd DCA 1985); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); Loveless v. Bryson, 460 So.2d 942 (Fla. 2d DCA 1984); Spurlock v. State, 449 So.2d 973 (Fla. 5th DCA 1984), review denied, 466 So.2d 212 (Fla. 1985). We agree with the district court in Moore "that the more specific provisions of section 998.14, Florida Statutes (1983) govern over the more general provision of section 958.10, Florida Statutes (1983)." 463 So.2d at 407. The statutes in question, when read in pari materia indicate that it is the trial court which initially evaluated the youthful offender and imposed sentence designating community control status, which has the power to continue review of the offender and evaluate alleged violations of supervision. This outcome is also consistent with the legislature's most recent statement of its intent in chapter 85-288, section 20, Laws of Florida, amending chapter 958 and repealing section 958.10, by unequivocally providing for circuit court jurisdiction in these cases. Lowry v. Parole and Probation Commission, 473 So.2d 1248 *1054 (Fla. 1985) (considering subsequent legislation proper in arriving at proper interpretation of prior statute, citing to Gay v. Canada Dry Bottling Co., 59 So.2d 788 (Fla. 1952)).
We approve the decision of the district court.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.
NOTES
[1] The arrest resulted in convictions for armed robbery and abduction. State v. Brooks, No. 83-8588-CF, per curiam affirmed, Brooks v. State, 461 So.2d 239 (Fla. 1st DCA 1984).
[2] Petitioner relied upon Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1983). The Fourth District, on rehearing, reversed its original opinion, thus reaching the same conclusion as we do today. Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984).