492 So.2d 822 (1986)
Cecil C. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2138.
District Court of Appeal of Florida, Second District.
August 13, 1986.
*823 James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Cecil C. Brown, appeals from an order revoking his community control and from the sentence imposed upon him. We affirm in part and reverse in part.
On July 27, 1982, having been adjudicated guilty of second degree murder, the appellant was sentenced pursuant to the Youthful Offender Act, Chapter 958, Florida Statutes (1981), to a four-year term of incarceration followed by two years in a community control program. Appellant received 887 days credit for time served.
On August 21, 1984, and May 24, 1985, affidavits were filed alleging that appellant had violated three conditions of his community control program. After a hearing was held on the alleged violations, the court revoked appellant's community control and sentenced him, over defense objections, to six years of incarceration with credit for time served. An order of revocation was filed on September 7, 1985, reflecting violations of conditions (3), (5), and (8), and indicating 488 days of credit for time served. Appellant filed a timely notice of appeal.
Because hearsay statements were the only evidence presented concerning the violation of conditions (3) and (8), those violations must be stricken from the order revoking appellant's community control. Terry v. State, 406 So.2d 121 (Fla. 2d DCA 1981). We decline to set aside the order of revocation, however, because the record indicates that the trial court would have revoked community control based solely upon the substantive violation of condition (5), which is amply supported by the evidence. See Terry; Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977).
We also find that the trial court erred in sentencing appellant. According to the law in effect at the time appellant was originally sentenced, a trial court could, upon revocation of a defendant's community control program, impose any sentence it might have originally imposed before placing the offender into community control. §§ 958.14, 948.06(1), Fla. Stat. (1981). Upon being resentenced, the defendant was therefore required to receive a maximum of four years of incarceration (with appropriate credit for time served) and two years of community control if he was reclassified as a youthful offender. If not reclassified as a youthful offender, the defendant could receive any sentence the trial court could have originally imposed without regard to the youthful offender provisions. Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986) (Crosby II); see also, Crosby v. State, 462 So.2d 607 (Fla. 2d DCA 1985) (Crosby I). Here, the record *824 indicates that the court intended to resentence appellant under the Youthful Offender Act. As the six-year term of incarceration imposed upon the appellant exceeded the maximum four-year term allowed by the Act, the trial court erred in sentencing the appellant.
Effective July 1, 1985, however, the Youthful Offender Act was amended to provide as follows:
958.14 Violation of probation or community control program.  A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the department for such violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated.
Were we to reverse appellant's six year sentence and remand for resentencing, the trial court could again impose a six year sentence which, under the amended statute, would now be lawful. Since no practical result can be attained by reversing and remanding for resentencing, we affirm appellant's sentence. See Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981).
We note that the prohibition against ex-post-facto laws is not violated through the application of the amended statute to the appellant. See Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); Hubbard v. State, 411 So.2d 1312 (Fla. 1st DCA), appeal dismissed, 424 So.2d 761 (Fla. 1982). Although the crime for which appellant is being punished occurred prior to the effective date of the amended statute, the new penalty is not more onerous than the law in effect on the date of the offense. Upon violating his community control, appellant could have been resentenced up to the statutory maximum of life imprisonment for second degree murder, section 782.04(3), Florida Statutes (1981), where not reclassified as a youthful offender. Crosby II; see also, §§ 958.14, 948.06(1), Fla. Stat. (1981). The six year sentence allowed by the amended statute is far below that.
We do remand, however, for proper calculation of appellant's credit for time served. We are unable to determine from the record the appropriate amount of credit that appellant should receive, but the record indicates a conflict in that appellant was given a credit of 887 days when initially sentenced in July of 1982 and a credit for 488 days when resentenced upon violating his community control.
We, accordingly, affirm the order of revocation and sentence, but we strike the violation of conditions (3) and (8) from the revocation order, and remand to the trial court for proper calculation of credit for time served.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and SANDERLIN, JJ., concur.