GUNTHER, Judge.
Defendant, a youthful offender, appeals his subsequent conviction and sentence imposed on him following the revocation of his community control. We affirm.
In August 1984, having pleaded guilty to armed robbery and aggravated assault, appellant was sentenced pursuant to the Youthful Offender Act, Chapter 958, Florida Statutes (1983), to a two-year term of incarceration followed by two years on a community control program. While defendant was in the community control program, he violated a specific condition of his community control by failing to remain confined to his residence on several different occasions. As a result of these violations, among others, the defendant’s community control status was revoked.
Defendant alleges that the revocation of his community control pursuant to amended section 958.03, Florida Statutes (1985), is an impermissible retroactive application of the 1985 statute and violates the ex post facto provisions of the Constitutions of the United States and of the State of Florida. We disagree.
According to the law in effect at the time defendant was originally sentenced, section 958.03(2), provided as follows:
(2) “Community control program” means an individualized program of restriction or noninstitutional confinement for youthful offenders placed in the community in lieu of commitment to the custody of the department and for youthful offenders subsequent to release from the custody of the department as provided by law.
Effective July 1, 1985, however, the Youthful Offender Act was amended and the term, “community control program” was redefined as follows:
(2) “Community control program” means a form of intensive supervised custody in the community, including surveillance on weekends and holidays, administered by officers with restricted caseloads. Community control is an individualized program in which the freedom of the offender is restricted within the community, home, or noninstitutional residential placement and specific sanctions are imposed and enforced.
Under both of these definitions, community control officers retain jurisdiction over individualized programs and can determine specific conditions to impose on an individual while he is serving on community control. In the instant case, since the restriction that defendant be confined to an approved residence is authorized under both versions of the definition of community control program, grounds to revoke defendant’s community control could exist under either the former statute or the statute as amended. Therefore, the prohibition against ex post facto laws is not violated through the application of the amended statute to the defendant. See Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); Brown v. State, 492 So.2d 822 (Fla. 2d DCA 1986); Hubbard v. State, 411 So.2d 1312 (Fla. 1st DCA), appeal dismissed, 424 So.2d 761 (Fla.1982). Although the crime for which appellant is being punished occurred prior to the effective date of the amended statute, the penalty is not more onerous than the law in effect on the date of the offense. See Brown.
We, accordingly, affirm the judgment of conviction and sentence.
Affirmed.
LETTS and GLICKSTEIN, JJ., concur.