526 So.2d 1075 (1988)
Randy ARNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 86-628.
District Court of Appeal of Florida, Fifth District.
June 23, 1988.
James B. Gibson, Public Defender, and Barbara Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence. Appellant was on probation for circuit court case number 79-209-CF when he was arrested for circuit court case number 84-37-CF and the trial acted as the revocation of probation hearing for case number 79-209-CF.
The trial court sentenced appellant under the guidelines for the offenses in case number 84-37-CF. Although the offenses in case number 79-209-CF were calculated on that scoresheet as prior record, the court sentenced appellant for case number 79-209-CF at a later time and calculated a second scoresheet. This was error under Florida Rule of Criminal Procedure 3.701(d)(1) which mandates that one scoresheet be prepared for all offenses pending before the court for sentencing. Stokes v. State, 512 So.2d 290 (Fla. 1st DCA 1987); Hagins v. State, 509 So.2d 1244 (Fla. 2d DCA 1987); Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985).
*1076 Since both cases were pending for sentencing, the trial court should have sentenced appellant for all offenses under the original scoresheet. Appellant's sentence in case number 79-209-CF is quashed and remanded for resentencing under the original scoresheet.
QUASHED and REMANDED.
COWART, J., and UPCHURCH, J., Retired, concur.