528 So.2d 1285 (1988)
Scott Donald BUCKLE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-72.
District Court of Appeal of Florida, Second District.
July 27, 1988.
Bruce G. Howie of Tanney, Forde, Donahey, Eno & Tanney, P.A., Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals the sentence imposed upon him under the Youthful Offender Act after revocation of his probation. We reverse.
Defendant pleaded no contest to two counts of DUI manslaughter occurring on March 10, 1984. He was sentenced pursuant to the Youthful Offender Act, chapter 958, Florida Statutes (1983). His eventual sentence, after a motion to correct sentence was granted, was four years imprisonment followed by two years probation on both counts concurrently.
Defendant served his term of imprisonment and was released on probation. An affidavit of violation of probation was filed which alleged a new DUI offense occurring on April 26, 1987, as well as excessive use of alcohol and driving with a revoked license. After an evidentiary hearing, the trial court determined that defendant had violated his probation. The court sentenced defendant to serve seven years imprisonment concurrently on both counts, with credit for time served.
At sentencing, defendant argued, as he does on appeal, that the court was limited by section 958.14, Florida Statutes (1987), to the imposition of six years imprisonment because defendant had originally been sentenced as a youthful offender. We agree with defendant's argument.
In 1985 section 958.14 was amended to provide that upon violation of probation or community control no youthful offender could be imprisoned for longer than six years (or the maximum legal sentence for the offense, whichever is less). Prior to that amendment, upon revoking the probation of a youthful offender some courts again treated the defendant as a youthful offender and imposed a sentence no greater than the four-year maximum allowed by the Youthful Offender Act, while other *1286 courts simply imposed any sentence up to the lawful maximum without regard for the Youthful Offender Act. Either of those approaches was considered proper. See Brooks v. State, 478 So.2d 1052 (Fla. 1985).
The effect of the 1985 amendment to section 958.14 is to require youthful offender treatment of a defendant upon revocation of his probation if the defendant had originally been sentenced to the probation under the Youthful Offender Act and to eliminate any option of sentencing the youthful offender to the statutory maximum sentence upon revocation of probation.
The sentence imposed in this case upon revocation of probation was seven years imprisonment, which exceeds the maximum of six years provided by section 958.14 as amended in 1985. The state contends, however, that the 1985 amendment does not apply to defendant and that defendant is subject to the provisions of the Youthful Offender Act in effect at the time he committed the offenses in 1984, which would mean that defendant could receive any sentence up to the statutory maximum for DUI manslaughter.
We disagree with the state's contention. As this court said in Brown v. State, 492 So.2d 822 (Fla. 2d DCA 1986), even though the crime and the original sentencing occurred prior to the 1985 amendment to section 958.14, that amendment is applicable to all violations of probation occurring after its effective date because it is the violation of probation which subjects the youthful offender to the provisions of section 958.14.
Accordingly, defendant should be sentenced to no more than six years imprisonment with credit for time served.
Reversed and remanded for resentencing.
CAMPBELL, C.J., and SCHEB, J., concur.