DANAHY, Acting Chief Judge,
concurring specially.
While I agree with the majority’s characterization that the relevant statement of Crosby can be considered dicta, I remain doubtful that the legislature clearly stated its intent to cap a defendant’s term of imprisonment upon resentencing at six years when he violates his community control imposed pursuant to the Youthful Offender Act. Our decision today severely harnesses the discretion of a trial judge at resentencing. One must question any legislative rationale which mandates such a resentencing cap especially in light of the fact that it is not mandatory that the trial judge assign a convicted defendant youthful offender status at the initial sentencing. See, § 958.04, Fla.Stat. (1985) (“the court may sentence as a youthful offender any person” who meets certain criteria, one of which is that he not have been previously classified as a youthful offender) (emphasis added); Ch. 80-321, § 1, Laws of Fla.
Although the supreme court had had this question presented to it in Brooks v. State, 478 So.2d 1052 (Fla.1985), which dealt with a pre-1985 amendment crime, the court provided no discussion of the effect of the 1985 amendment to the Youthful Offender Act concerning the trial court’s discretion in resentencing again as a youthful offender upon revocation of probation or community control. Consequently, the district courts of appeal have been giving conflicting interpretations of the statute as amended. The issue needs to be reclarified post-Brooks, and I commend the majority’s certification of conflict to achieve that goal.