PER CURIAM.
The defendant appeals the seven-year sentence imposed under the Youthful Offender Act after revocation of his probation. Since this sentence exceeds the six-year maximum provided by section 958.14, Florida Statutes (1985), we reverse the sentence and remand for sentencing consistent with that statute. Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988). Contra Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (trial court not required to “reclassify” a defendant as a youthful offender for resentencing upon a violation of probation or community control). On resen-tencing, the defendant should receive credit for all time served for any incarceration which led to his sentence. The credit should include that time served in prison or jail preceding his release on community control as well as that time served in prison or jail while awaiting judgment and sentence on the violation proceedings. Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986).
REVERSED AND REMANDED FOR RESENTENCING.
FRANK, A.C.J., and HALL and ALTENBERND, JJ., concur.