COWART, Judge.
This case involves the questions of (1) whether a defendant sentenced as a youthful offender can, after revocation of community control under a split sentence, be sentenced to more than six years with credit for time previously served and (2) whether the statutory amendment limiting sentencing of the youthful offender upon violation of community control to six years [1] is applicable in a case where both the initial offense and the subsequent event violating community control occurred prior to the effective date of the amendment but the violation of community control was not adjudicated, the community control was not terminated, and the defendant was not re-sentenced on the initial offense until after the effective date of the amendment.[2]
On May 15, 1981, the defendant was adjudicated to be a youthful offender and as to an armed burglary offense was sentenced to a probationary split sentence of four years incarceration followed by two years on probation and as to a false imprisonment offense he was sentenced to a concurrent three years incarceration. After serving the incarcerative portion of the probationary split sentence on the armed burglary charge and while on probation for that offense, the defendant was convicted of another substantive offense, his probation was revoked and he was sentenced on two scoresheets; that sentence was appealed and vacated[3] and on remand he was “resentenced” to five years on the false imprisonment offense and to life imprisonment on the armed burglary offense and he appeals those sentences.
Prior to a 1985 amendment (Chapter 85-288, section 20, Laws of Florida), section 958.05(2) (now 958.04(2)) of the Youthful Offender Act provided that after a court classified a person as a youthful offender the court could commit the youthful offender to imprisonment for a period not to exceed six years but required the court to specify a period of not more than the first four years to be served by imprisonment and a period of not more than two years to be served in a community control program. This provision is somewhat ambiguous but seems to (1) limit the period that a youthful offender could be committed to imprisonment to either six years or four years and (2) mandates some type of sentence split with no more than four years imprisonment and two years in a community control program.
Section 958.14 of the Youthful Offender Act provided that upon a violation of com *1371 munity control the youthful offender will be subject “to the provisions of section 948.06(1).” Section 948.06(1), Florida Statutes, was part of the original statute adopting the concept of probation in Florida and provides in effect that when a person is not sentenced but is placed on straight probation in lieu of sentence (this is not any type of a split sentence) and that probation is terminated for a violation, the trial judge could “impose any sentence which it might have originally imposed before placing” the offender on probation or into community control. This in effect meant that the only limitation on a sentence following a revocation of straight probation was the maximum sentence provided by statute for the particular offense.
Thus the Youthful Offender Act incorporated several patent ambiguities when a youthful offender who was placed on probation or community control under the Youthful Offender Act violated community control and the statutory maximum punishment for the original offense was in excess of the limitation contained in the Youthful Offender Act. The first ambiguity is whether the youthful offender’s confinement was subject to an outside limitation of four years or six years. The second ambiguity is whether the incarceration limitation (be it four years or six years) applied when the youthful offender was being re-sentenced after a violation of straight probation or community control or whether the reference in section 958.14 to section 948.-06(1) served to permit the imposition of the maximum statutory punishment for the particular underlying offense without the Youthful Offender Act’s four or six year limitation. A third ambiguity is whether the answer to the preceding question is different when the original Youthful Offender sentence is a split sentence rather than straight probation imposed in lieu of sentence. Another ambiguity is whether the answers to the preceding questions differ when the original Youthful Offender sentence is a true split sentence rather than a probationary split sentence.[4]
Several district courts of appeal addressed the first two of these enumerated ambiguities and unanimously held that section 958.05(2) of the Youthful Offender Act (now section 958.04(2)) limited incarceration to a four year maximum period and that limitation applied to sentencing after a revocation of probation. See Brown v. State, 492 So.2d 822 (Fla. 2d DCA 1986); Timothy Crosby v. State, 475 So.2d 1034 (Fla. 1st DCA 1985); Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985); Hart v. State, 463 So.2d 491 (Fla. 2d DCA 1985); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); James Crosby (II) v. State, 462 So.2d 607 (Fla. 2d DCA 1985); Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983), rev. denied, 443 So.2d 980 (Fla.1984); Brandle v. State, 406 So.2d 1221 (Fla. 4th DCA 1981); Greene v. State, 398 So.2d 1011 (Fla. 1st DCA 1981), appeal dism., 406 So.2d 1118 (Fla.1981). These cases made no distinction between cases originally involving straight probation (or community control) and cases in which, originally, a true or probationary split sentence was imposed.
At this point the seeds of another ambiguity were planted. While Clem followed Ellis in holding that a youthful offender’s sentence was limited to four years after violation of probation, the Clem court certified two questions, the second asking whether, upon revocation of a youthful offender’s community control, can he be sentenced in accordance with section 948.06(1). This question did not clearly frame the alternatives presented which were whether after revocation of supervision a youthful offender’s sentence was restricted to four years under the youthful offender statute, or whether the reference to section 948.-06(1) authorized a sentence up to the statutory maximum even when the statutory maximum exceeded the four year limitation in the youthful offender statute. Brooks v. State, 461 So.2d 995 (Fla. 1st DCA 1984) followed Clem and adopted the same certified questions which were considered by the supreme court in Brooks v. State, 478 So.2d 1052 (Fla.1985).
*1372 In Brooks, 478 So.2d at 1052, the supreme court focused its attention entirely on the first question certified (which involved jurisdiction of the circuit court versus jurisdiction of the parole and probation commission) and approved Brooks, 461 So.2d at 995, and Clem[5] but without discussion answered the second certified question in the affirmative. That answer to the second question would imply that after revocation of a youthful offender’s community control program the youthful offender could be confined for the maximum statutory period for his offense without the limitation of the four year provision of the youthful offender statute[6] which implied holding was, and is, exactly contrary to the holding on this point in the cases being expressly approved as to the first certified question and contrary to the entire line of DCA eases listed above which hold that after violation of supervision the youthful offender could still not be sentenced for a term exceeding four years regardless of the statutory maximum punishment for the particular crime involved.
Two further complicating factors have occurred in the resentencing of youthful offenders. One, although the Fifth District Court of Appeal in Spurlock v. State, 449 So.2d 973 (Fla. 5th DCA 1984), rev. denied, 466 So.2d 212 (Fla.1985) referred, with approval, to Ellis, which limited resen-tencing the youthful offender to a four year maximum,[7] nevertheless the Fifth District Court in Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), while focusing on other issues, affirmed a youthful offender’s sentence of 15 years upon violation of probation.[8] The second complication resulted from, the fact that effective July 1, 1985, the legislature amended[9] section 958.14 to specifically provide that even after violation of probation or community control, no youthful offender could be imprisoned for a period longer than six years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less.[10]
Since the supreme court wrote Brooks, cases have generally focused on the applicability of the 1985 amendment of section 958.14, to the particular case, generally holding, as in Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988), that the amendment is applicable to “all violations of probation occurring after its effective date” and limiting punishment to the six year *1373 limitation in the amendment. Because, in answering the certified question in Brooks, the supreme court approved, rather than disapproved the Clem, Ellis line of cases, it is unclear whether, pre-1985 amendment law, a youthful offender’s sentence after violation of community control, is limited to four years or only by the statutory maximum for the particular offense. It is also unclear whether the amendment, which authorizes a six year limitation, applies to a case, such as this one, where the event upon which the revocation proceedings are based occurred before the amendment but the revocation itself was after the amendment.
If, pre-amendment, the youthful offender statute limited punishment to four years,[11] the 1985 amendment authorizing six years confinement enhances prior authorized punishment and cannot be applied ex post facto to existing cases.[12] On the other hand, if pre-amendment, the reference in section 958.14 to section 948.06(1) authorized punishment up to the statutory maximum without limitation and that statutory maximum exceeds the six years confinement (as it does in this case), then the 1985 amendment restricting punishment to six years confinement constitutes a limitation on previously authorized punishment and the amendment can be constitutionally applied retroactively to the benefit of the youthful offender.[13]
The second question concerning whether the 1985 amendment of section 958.14 applies has recently been answered by the supreme court in State v. Watts, 558 So.2d 994 (Fla.1990). In Watts, the court held that the amendment applies to violations of probation which occur after the effective date of the amendment even when the original offenses occurred prior to the effective date. In Watts, it was emphasized that “the conduct” which violated community control took place after the amendment. In the instant case, the original offense and the subsequent event violating probation both occurred prior to the effective date of the amendment; however, the community control was not terminated nor the defendant “restrained” until after the effective date of the amendment. The law in effect at the time of the commission of a crime controls the penalty at sentencing. Article X, § 9, Florida Constitution; Castle v. State, 330 So.2d 10 (Fla.1976); Gourley v. State, 432 So.2d 755 (Fla. 5th DCA 1983), appeal dis’m., 458 So.2d 272 (Fla.1984). It is also stated that the law in effect at the time of the violation of community control controls the penalty at sentencing. See, Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988). See also, Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985). Therefore, the pre-amendment law regarding “resentencing” of a youthful offender applies to the defendant.
Notwithstanding the answer to the second certified question in Brooks, 478 So.2d 1052, the supreme court approved rather than disapproved the line of cases including Ellis, Clem, (DCA) Brooks, Spurlock and Lane. For this reason and because in criminal cases ambiguities in the law are to be resolved in favor of the defendant, we hold that, prior to the 1985 amendment to the Youthful Offender Act, upon a violation of probation, a youthful offender was subject to a four year limitation on “resentencing.” Therefore, the defendant’s sentences of life imprisonment on the burglary conviction and five years incarceration on the false imprisonment conviction were illegal and are vacated.
However, because of the confusion noted above we certify the following question to be one of great public importance:
IN ANSWERING THE SECOND CERTIFIED QUESTION IN BROOKS v. STATE, 478 SO.2D 1052 (FLA.1985), DID THE SUPREME COURT HOLD THAT PRIOR TO THE 1985 AMENDMENT TO THE YOUTHFUL OFFENDER ACT (CHAPTER 958) EVEN *1374 THOUGH A YOUTHFUL OFFENDER HAD PREVIOUSLY BEEN ADJUDICATED A YOUTHFUL OFFENDER AND SENTENCED AS SUCH TO A PROBATIONARY SPLIT SENTENCE AND THEREAFTER VIOLATED PROBATION HE MAY BE “RESEN-TENCED” TO CONFINEMENT FOR THE MAXIMUM STATUTORY PERIOD FOR THE OFFENSE INVOLVED WITHOUT LIMITATION TO THE FOUR YEAR PROVISION OF THE YOUTHFUL OFFENDER ACT (SECTION 958.04(2)(c) and (d), FLORIDA STATUTES), CONTRARY TO THE HOLDINGS IN BROWN v. STATE, 492 SO.2D 822 (Fla. 2d DCA 1986); TIMOTHY CROSBY v. STATE, 475 SO.2D 1034 (Fla. 1st DCA 1985); LANE v. STATE, 470 SO.2D 30 (Fla. 5th DCA 1985); HART v. STATE, 463 SO.2D 491 (Fla. 2d DCA 1985); CLEM v. STATE, 462 SO.2D 1134 (Fla. 4th DCA 1984); JAMES CROSBY (II) v. STATE, 462 SO.2D 607 (Fla. 2d DCA 1985); ELLIS v. STATE, 436 SO.2D 342 (Fla. 1st DCA 1983), rev. denied, 443 SO.2d 980 (Fla.1984); BRANDLE v. STATE, 406 SO.2D 1221 (Fla. 4th DCA 1981); GREENE v. STATE, 398 SO.2D 1011 (Fla. 1st DCA 1981), appeal dis’m., 406 SO.2D 1118 (Fla.1981).
SENTENCE VACATED; CAUSE REMANDED for further proceedings.
DAUKSCH and HARRIS, JJ., concur.

. Chapter 85-288 § 24, Laws of Florida.

. We reject the State’s contention that consideration of this issue is precluded because the issue was not raised in the inital appeal (Arnett v. State, 526 So.2d 1075 (Fla. 5th DCA 1988). It is fundamental error to impose an illegal sentence. Reynolds v. State, 429 So.2d 1331 (Fla. 5th DCA 1983).

. Arnett v. State, 526 So.2d 1075 (Fla. 5th DCA 1988).

. See Poore v. State, 531 So.2d 161 (Fla.1988).

. And inferentially, Ellis and the line of cases following Ellis.

. Courts relying on the supreme court’s answer to the second certified question in Brooks have held that upon revocation of the youthful offender’s community control, the trial court could impose any sanction it could have imposed without reference to the youthful offender provisions of Chapter 958. Johnson v. State, 482 So.2d 398 (Fla. 5th DCA 1985); Hill v. State, 486 So.2d 1372 (Fla. 1st DCA 1986).

. This holding was also approved in Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985).

. The supreme court in Franklin v. State, 545 So.2d 851 (Fla.1989) did not directly address the limitations on "resentencing” a youthful offender after a violation of probation. However, the court in State v. Watts, 558 So.2d 994 (Fla.1990) addressed the issue and held that section 958.14, Florida Statutes, as amended by Ch. 85-288, § 24, Laws of Florida limits the sentence of a youthful offender to no more than six years imprisonment. See also the comment on Franklin, 526 So.2d at 159, in Hamilton v. State, 553 So.2d 387, 389 (Fla. 4th DCA 1989).

. Chapter 85-288 § 24, Laws of Florida.

.Query: Was the purpose of the 1985 amendment to enlarge to six years the four year limitation of the Ellis — Clem line of cases or to limit to six years the statutory maximum period seemingly approved in the Supreme Court Brooks case? Several district courts of appeal have held that, post amendment, the maximum sentence a trial court can impose after revocation of a youthful offender’s probation is the six year limitation of section 958.14, Florida Statutes. Hunnicutt v. State, 549 So.2d 1138 (Fla. 3d DCA 1989), cause dis’m., 554 So.2d 1169 (Fla.1989); Kerklin v. State, 548 So.2d 689 (Fla. 4th DCA 1989), juris, accepted, 557 So.2d 867 (Fla.1990); Dixon v. State, 546 So.2d 1194 (Fla. 3d DCA 1989), approved, 558 So.2d 1001 (Fla.1990); Haynes v. State, 545 So.2d 949 (Fla. 1st DCA 1989); Boffo v. State, 543 So.2d 435 (Fla. 2d DCA 1989); Warren v. State, 542 So.2d 429 (Fla. 3d DCA 1989), approved, 559 So.2d 1139 (Fla.1990); Hall v. State, 536 So.2d 268 (Fla. 3d DCA 1988); Miles v. State, 536 So.2d 262 (Fla. 3d DCA 1988), approved, 558 So.2d 1001 (Fla.1990); Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988); Reams v. State, 528 So.2d 558 (Fla. 1st DCA 1988); Watson v. State, 528 So.2d 101 (Fla. 1st DCA 1988).

. As held in Ellis, Clem, (DCA) Brooks, Spur-lock, Lane, etc.

. Article I, § 10, Florida Constitution; Article I, § 10, United States Constitution; Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). See abo Williams v. Dugger, 566 So.2d 819 (Fla. 1st DCA 1990).

.See Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); Brown.