GOSHORN, Judge.
Christopher Glaseo appeals the sentence imposed following his plea admitting violations of community control. Because the defendant was sentenced without the use of a guideline scoresheet, we vacate the sentence and remand for resentencing. Disinger v. State, 526 So.2d 213 (Fla. 5th DCA 1988). See also Rule 3.701d.l, Fla.R. Crim.P.
The lack of a scoresheet in the record prevents us from adequately addressing Glasco’s remaining points on appeal, however, on remand, the trial judge must observe the constraints of the sentencing guidelines, including the one cell increase permitted after a violation of probation. Franklin v. State, 545 So.2d 851 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989). See also Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989) (“[T]wo violations of probation as to the same offense do not justify a departure sentence and ... the one cell increase permitted by the sentencing guidelines for a sentence following a violation of probation is the exclusive applicable sentencing factor relating to the effect of a prior violation, or violations, of probation ...” (footnote omitted)). We also call the trial court’s attention to section 958.14, Florida Statutes *566 (1989) which limits the sentence of a youthful offender to no more than 6 years’ imprisonment. State v. Watts, 558 So.2d 994 (Fla.1990). Cf. Amette v. State, 566 So.2d 1369 (Fla. 5th DCA 1990).
Sentence VACATED; REMANDED.
COBB and COWART, JJ., concur.