DIAMANTIS, Judge.
This is an appeal from sentences in five cases. We vacate appellant’s sentences and remand for resentencing.
Appellant was on probation in circuit court case numbers CR 90-4926, CR 90-9933, CR 90-9634 and CR 90-8886 when he was arrested for a burglary offense as charged in circuit court case number CR 91-1157. Pursuant to á plea agreement, appellant pled nolo contendere to the burglary offense in CR 91-1157 and admitted violating his probation in the other four cases. On May 1, 1991 the trial court revoked appellant’s probation in each of the four violation of probation cases, and entered a guidelines sentence of five years imprisonment on the burglary offense in case number CR 91-1157. The sentencing scoresheet for case number CR 91-1157 failed to include the four violations of probation which were also pending for sentencing.
Nearly four months later, on August 29, 1991, a different judge placed appellant on consecutive probationary terms for the four probation violations, which terms totaled fifty years and ran consecutively to appellant’s sentence in case number CR 91-1157. There was no scoresheet prepared for the four violation of probation cases. This constituted error under Florida Rule of Criminal Procedure 3.701 d.l. which mandates that one scoresheet be prepared for all offenses pending before the court for sentencing. Arnett v. State, 526 So.2d 1075 (Fla. 5th DCA 1988). The Committee Note to rule 3.701 d.1.,[1] which makes the sentencing court responsible for the accurate preparation of scoresheets, requires us to place the burden upon the trial court to assure that all of a defendant’s cases pending for sentencing in a particular county at the time of the defendant’s first sentencing hearing are disposed of using one scoresheet. Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985).
Because the burglary offense in case number 91-1157 and the four violation of probation cases were pending for sentencing on May 1, 1991, the trial court was required to sentence appellant for all offenses at that time, utilizing a single score-sheet.
We vacate appellant’s sentences in all five cases and remand for resentencing utilizing a single scoresheet for all offenses involved in this matter. If, in resentenc-ing, the trial court cannot abide by the prior plea agreement, appellant must be given the opportunity to withdraw his pleas.
Sentences VACATED; REMANDED.
GOSHORN, C.J., and COBB, J., concur.

. Committee Note to rule 3.701 d.l. provides: (d)(1) Ultimate responsibility for assuring that scoresheets are accurately prepared rests with the sentencing court. Due to ethical considerations, defense counsel may not be compelled to submit a scoresheet. Probation and parole officers may be directed to compile guidelines scoresheets only when a pre-sentence investigation has been ordered. The forms for calculating the guidelines are forms 3.988(a)-(i).