604 So.2d 482 (1992)
STATE of Florida, Petitioner,
v.
Randy ARNETTE, Respondent.
No. 76689.
Supreme Court of Florida.
August 27, 1992.
Robert A. Butterworth, Atty. Gen., and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for petitioner.
*483 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for respondent.
McDONALD, Justice.
We review Arnette v. State, 566 So.2d 1369 (Fla. 5th DCA 1990), in which the district court certified a question as being of great public importance. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. The issue is what sentence can be imposed on a youthful offender who, in 1979, received the maximum authorized sentence of four years' imprisonment followed by two years to be served in a community control program when he violated the conditions of community control in 1984.[1] We approve, with one exception, the decision of the district court, as explained below.
In 1979 Arnette, then fifteen years old, pled guilty to armed burglary and false imprisonment. He originally received a sentence of fifteen years for the burglary and five years for the false imprisonment. Because he met the requirements of subsection 958.04(2), Florida Statutes (1979), for sentencing as a youthful offender, the court changed his sentence to four years' imprisonment to be followed by two years' community control, the maximum allowed under subsection 958.05(3). After release from prison and while on community control in 1984, Arnette violated the conditions thereof by committing a sexual battery.[2] After sentencing him for this new crime, the court resentenced Arnette to life imprisonment for the 1979 armed burglary. We agree that this new sentence was not legal.
In 1984, section 958.14, Florida Statutes (1983), read: "A violation or alleged violation of the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1)." Subsection 948.06(1), Florida Statutes (1983), provided that, if community control is revoked because of a violation, the court may "impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control." Thus, we must determine what sentence the trial judge could have imposed on Arnette originally.
As previously stated, Arnette was originally classified as a youthful offender. The district court recognized some ambiguities in the Youthful Offender Act in reference to the issue presented.
Thus the Youthful Offender Act incorporated several patent ambiguities when a youthful offender who was placed on probation or community control under the Youthful Offender Act violated community control and the statutory maximum punishment for the original offense was in excess of the limitation contained in the Youthful Offender Act. The first ambiguity is whether the youthful offender's confinement was subject to an outside limitation of four years or six years. The second ambiguity is whether the incarceration limitation (be it four years or six years) applied when the youthful offender was being resentenced after a violation of straight probation or *484 community control or whether the reference in section 958.14 to section 948.06(1) served to permit the imposition of the maximum statutory punishment for the particular underlying offense without the Youthful Offender Act's four or six year limitation. A third ambiguity is whether the answer to the preceding question is different when the original Youthful Offender sentence is a split sentence rather than straight probation imposed in lieu of sentence. Another ambiguity is whether the answers to the preceding questions differ when the original Youthful Offender sentence is a true split sentence rather than a probationary split sentence.
566 So.2d at 1371 (footnote omitted).
In 1985 the legislature amended section 958.14 to limit total prison sentences of a youthful offender to six years. Ch. 85-288, § 24, Laws of Fla. We construe this amendment to be a legislative response to correct some of the ambiguities expressed above and a declaration of its prior intent. Although the issues addressed in Brooks v. State, 478 So.2d 1052 (Fla. 1985), and State v. Watts, 558 So.2d 994 (Fla. 1990), are somewhat different from the issue in the instant case and language in Brooks and Watts could be construed contrary to this conclusion, both Brooks and Watts held that youthful offenders could be sentenced to a total of only six years' imprisonment.
It has always been clear that the legislature intended to treat youthful offenders differently than adults. Unless the legislature clearly states otherwise, youthful offenders maintain youthful offender status even when they violate a condition of community control. Section 958.14 did not specifically authorize applying adult sanctions to a youthful offender, and we now perceive the legislature's intent to have been to limit penalties against youthful offenders to six years. Clearly, however, some sanctions should exist for a violation of community control. Thus, we conclude that, even though a youthful offender had been imprisoned originally for four years, the legislature always intended to authorize reimprisonment up to a total imprisonment of six years when community control is violated.[3]
We accordingly approve the decision under review with the exception that we authorize a total of six years' imprisonment instead of four. We direct that Arnette's life sentence for armed burglary be reduced to a total of six years' imprisonment.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW and KOGAN, JJ., concur.
HARDING, J., dissents with an opinion, in which GRIMES, J., concurs.
HARDING, Justice, dissenting.
I disagree with the majority that the pre-1985 Youthful Offender Act limited sentencing to a maximum of four years when the youthful offender was being resentenced after a violation of community control. Prior to the 1985 amendment, section 958.14, Florida Statutes (1983), provided that "[a] violation or alleged violation of the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1)." In 1985, the legislature amended section 958.14 to add, in pertinent part, a second sentence:
However, no youthful offender shall be committed to the custody of the department [of Corrections] for such violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated.
§ 958.14, Fla. Stat. (1985). See Ch. 85-288, § 24, Laws of Fla.
Try as I might, I cannot reconcile the majority opinion with this Court's previous opinion in State v. Watts, 558 So.2d 994 (Fla. 1990). In Watts, this Court explained that under the pre-1985 version of section 958.14 a "circuit court may treat the youthful offender [who violates community control] as though it had never placed the defendant on community control." Id. at 997. We also noted that "the legislature amended section 958.14 after two district *485 court decisions questioned whether a circuit court could resentence a youthful offender as an adult upon revocation of youthful offender status and revocation of community control." Id. In explaining the effect of the 1985 amendment, we stated:
"[T]he only logical conclusion is that the legislature intended to change the case law interpretation of § 958.14, or in any event to change the law, so that once the circuit court has given a defendant youthful offender status and has sentenced him as a youthful offender, it must continue that status and only resentence the defendant as a youthful offender for a violation of the probation or community control portion of his youthful offender sentence. A youthful offender's sentence after revocation of probation or community control is therefore limited to a maximum of six years less credit for time served. To assume that the legislature did not intend a change in the law would be to assume it intended to enact a nullity."
Id. at 997-98 (quoting Watson v. State, 528 So.2d 101, 102 (Fla. 1st DCA 1988)).[4]
Our explanation in Watts leads me to the inexorable conclusion that the pre-amendment Youthful Offender Act did not impose a four-year restriction on the resentencing of a youthful offender who violated community control or probation. Prior to the 1985 amendment, section 958.14 was silent as to any time limitation upon resentencing a youthful offender after a violation of community control. See § 958.14, Fla. Stat. (1983). Instead, the youthful offender who violated community control was subject to the provisions of section 948.06(1), Florida Statutes (1983), which provides that the court may "impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control." Thus, prior to the 1985 amendment, a youthful offender's sentence after violation of community control was limited only by the statutory maximum for the particular offense involved.
In the instant case where the pre-1985 Youthful Offender Act applies, the circuit court could properly sentence Arnette to "any sentence which it might have originally imposed" before placing Arnette on probation, without regard to the four-year limitation which the district court applied. Thus, I find that the sentence imposed by the trial court was legal. I would disapprove that part of the district court's opinion which limits resentencing to four years.
GRIMES, J., concurs.
NOTES
[1] We have rephrased the issue raised in the certified question, which reads as follows:

In answering the second certified question in Brooks v. State, 478 So.2d 1052 (Fla. 1985), did the Supreme Court hold that prior to the 1985 amendment to the Youthful Offender Act (chapter 958) even though a youthful offender had previously been adjudicated a youthful offender and sentenced as such to a probationary split sentence and thereafter violated probation he may be "resentenced" to confinement for the maximum statutory period for the offense involved without limitation to the four year provision of the Youthful Offender Act (section 958.04(2)(c) and (d), Florida Statutes), contrary to the holdings in Brown v. State, 492 So.2d 822 (Fla. 2d DCA 1986); Timothy Crosby v. State, 475 So.2d 1034 (Fla. 1st DCA 1985); Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985); Hart v. State, 463 So.2d 491 (Fla. 2d DCA 1985); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); James Crosby (II) v. State, 462 So.2d 607 (Fla. 2d DCA 1985); Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983), rev. denied, 443 So.2d 980 (Fla. 1984); Brandle v. State, 406 So.2d 1221 (Fla. 4th DCA 1981); Greene v. State, 398 So.2d 1011 (Fla. 1st DCA 1981), appeal dis'm., 406 So.2d 1118 (Fla. 1981).
Arnette v. State, 566 So.2d 1369, 1373-74 (Fla. 5th DCA 1990).
[2] This opinion does not affect the sentence rendered as a penalty for this new crime.
[3] Provided the crime is of the second degree or higher.
[4] In State v. Watts, 558 So.2d 994 (Fla. 1990), this Court interpreted the post-amendment version of the Youthful Offender Act, which limited incarceration to "a period of not more than 6 years." § 958.04(2)(d), Fla. Stat. (1985). Hence, the quoted language in Watts refers to a maximum sentence of six years. Prior to the 1985 amendment, a youthful offender's sentence was limited to a maximum of four years' incarceration and two years of community control. See § 958.05(2), Fla. Stat. (1983).