980 So.2d 1245 (2008)
Rafael MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1359.
District Court of Appeal of Florida, Second District.
May 7, 2008.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Rafael Martinez challenges the revocation of his probation and the sentence entered on the revocation. Although we affirm the revocation, we reverse Martinez's sentence and remand for resentencing.
On May 13, 2002, Martinez entered a best interest guilty plea to the charges of third-degree felony murder, possession of heroin, and delivery of heroin. Martinez was sentenced on all three counts to concurrent terms of three years' incarceration as a youthful offender. That was to be followed by one year of community control, which was to be followed by two years' drug offender probation. Martinez was directed to enter and successfully complete the Bradenton Probation and Restitution Center (PRC) program as a special condition of the community control.
After being released from custody, Martinez violated his community control twice. The first violation was based on his admission to the possession and use of heroin. The trial court reinstated his community control but modified the terms by requiring that he enter and complete the DACCO in-house drug treatment program. The second violation was filed when Martinez was unsuccessfully discharged from DACCO. On June 8, 2005, Martinez was resentenced to forty-four months' probation with the condition that he serve the first *1246 364 days in the county jail.[1] This jail condition was to be suspended upon his entry into the Orlando PRC when a bed became available.
On November 8, 2005, a third affidavit of violation of probation was filed, alleging that Martinez had violated the following conditions of his probation: condition fourteen by failing to successfully complete or remain in the Southeastern Counseling Center and condition twenty-one by failing to successfully complete or remain in the Orlando PRC until the provider determined that residential treatment was no longer necessary. He was allegedly unsuccessfully discharged from both programs.
At the revocation hearing, because Martinez admitted that he did not reside at the Orlando PRC, the trial court determined that Martinez had violated the terms of his probation. On February 14, 2006, the trial court sentenced him to six years of incarceration as a youthful offender to be suspended on the successful completion of a sixty-month probationary term.
On February 20, 2006, Martinez filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure Rule 3.800(b). Martinez alleged that the trial court had improperly sentenced him to more than six years as a youthful offender on a technical violation of his supervision in violation of section 958.04(2)(c), Florida Statutes (2006). At the hearing on the motion, Martinez argued that the statute provides that the combined term of incarceration and supervision on a youthful offender sentence may not exceed the statutory maximum for the offense or six years, whichever is less. Because Martinez already had served three of the six years in custody, he argued that the sixty-month term of probation violated section 958.04(2)(c). The trial court denied that motion.
On appeal, Martinez challenges both the revocation of his probation and his sentence. He contends that he did not violate condition twenty-one, which required him to successfully complete or remain in the Orlando PRC, because his probation order neither specified a time period in which to complete the condition nor limited him to a certain number of attempts to complete it. At the time that his supervision was revoked, he still had time to comply. However, in Lawson v. State, 969 So.2d 222, 236 (Fla.2007), the Florida Supreme Court rejected a per se rule prohibiting trial courts from revoking "simply because the order failed to specify the time for completion." In fact, the supreme court stated:
Thus, a probation order that requires the completion of a drug treatment program but fails to specify time parameters should be read in a commonsense manner. Accordingly, a probationer who has been given the privilege of being placed on probation, in lieu of serving jail time, is put on adequate notice that the treatment program should be undertaken at the beginning of the probationary period and that, if he or she is discharged for nonattendance, he or she may not have another chance to complete the program.
Id. at 235.
Upon Reading the probation order in the instant case in a commonsense manner, it becomes clear that Martinez was on adequate notice that he was required to attend and successfully complete the Orlando PRC and that his probation would be revoked if he failed to comply. This *1247 was not Martinez's first failure to obtain court-ordered drug treatment. Under the unique factual circumstances of Martinez's case, we conclude that the trial court did not abuse its discretion in revoking Martinez's probation on this basis.
However, Martinez is correct that the trial court did err in finding that he violated condition fourteen of the community control order. The affidavit of violation alleged that Martinez violated condition fourteen by failing to complete the drug treatment program as shown by his unsuccessful discharge by the Southeastern Counseling Center. However, condition fourteen of the Order of Community Supervision entered on June 8, 2005, required Martinez to submit to random drug testing; it did not refer to the completion of a drug treatment program. At the hearing, although Martinez admitted that he stopped going to the Orlando PRC, there was no mention of the Southeastern Counseling Center or his failure to take drug tests. Accordingly, the trial court erred in determining that Martinez violated condition fourteen. However, given Martinez's admission that he was unsuccessfully discharged from the Orlando PRC, the record contains sufficient evidence to affirm the trial court's conclusion that Martinez willfully and substantially violated a condition of his probation. On remand, the trial court must amend the order of revocation to delete the reference to condition fourteen.
Finally, Martinez also challenges the court's imposition of a six-year term of incarceration as a youthful offender, suspended on his successful completion of sixty months of probation. The State concedes error, and we agree.[2] Given the fact that Martinez already had served three years of incarceration as a youthful offender, the court's imposition of an additional sixty months of probation violated the six-year cap established by section 958.14. See Robinson v. State, 702 So.2d 1346, 1346-47 (Fla. 5th DCA 1997).
Accordingly, we reverse and remand this case for further consideration. On remand, the trial court is directed to amend the order of revocation by deleting the reference to condition fourteen and to resentence Martinez in accord with this opinion. At resentencing, the trial court is limited to imposing a sentence that when added to the three years that Martinez has previously served in custody does not exceed the six-year cap provided by statute.
Affirmed in part, reversed in part, and remanded for reconsideration.
ALTENBERND, J., and GALLEN, THOMAS M., Associate Senior Judge, concur.
NOTES
[1] We note that the forty-four-month probation sentence is probably subject to the same challenge that Martinez raises in this appeal; however, that sentence was not appealed.
[2] Although the State concedes that the sum of the previously served prison sentence and the period of probation imposed may not exceed the six-year cap, the State argues that this is not a sentencing error and that the Department of Corrections determines when Martinez's probation legally expires. We reject this argument.