989 So.2d 725 (2008)
Shallist Thomas HUDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-6590.
District Court of Appeal of Florida, First District.
August 29, 2008.
*726 Nancy Daniels, Public Defender, and Terry Carley, Assistant Public Defender, Office of the Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Michael T. Kennett, Assistant Attorney General, and Thomas Winokur, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Shallist Thomas Hudson appeals the trial court's order revoking his probation. He contends that his seven-year sentence exceeds the six-year cap of section 958.14, Florida Statutes (2003), because he is a youthful offender and committed technical rather than substantive violations. The state concedes error. We reverse.
Hudson was convicted of multiple felonies and sentenced in 2004 as a youthful offender. He violated probation in 2007 by changing his residence without permission and by failing to remain at home for a scheduled visit from his probation officer. The court revoked Hudson's probation and youthful-offender status and sentenced him as an adult to two years of community control followed by five years of probation, concluding that the second sentence of section 958.14, below, applies only when a court imposes a sentence of incarceration, because a combined sentence of community control and probation does not commit a defendant to "the custody of the department." Because the trial court exceeded the sentence allowed by the first sentence of the provision, we need not address the second sentence.
Section 958.14 provides:
A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06. However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
When a defendant has been designated a youthful offender, the court may not change that status by way of revocation of probation or community control. See State v. Watts, 558 So.2d 994 (Fla.1990); Watson v. State, 528 So.2d 101 (Fla. 1st DCA *727 1988); Rogers v. State, 972 So.2d 1017 (Fla. 4th DCA 2008). Under section 948.06(2)(b), Florida Statutes (2003), revocation of probation subjected Hudson to any sentence that might have originally been imposed, minus credit for time served. Because section 958.04(2)(a) limited a combined sentence of probation and community control to six years, the court erred by imposing a total of seven years. See Gardner v. State, 656 So.2d 933 (Fla. 1st DCA 1995).
REVERSED and REMANDED for further proceedings.
KAHN, PADOVANO, and HAWKES, JJ., concur.