FERNANDEZ, J.
Deroy Carter appeals a summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence claiming that he was improperly sentenced to drug offender probation despite the fact that none of the charged offenses were related to chapter 893, Florida Statutes (2010). On appeal from a summary denial, this Court must reverse unless the post conviction record, see Fla. RApp. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See, Fla. R.App. P. 9.141(b)(2)(D).
In its order, the trial court found that the “[defendant entered a bargained-for exchange in which he agreed to drug offender probation that was lawful and appropriate.”[1] However, the trial court failed to include the portion of the record that supports this conclusion.[2]
Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings. Jf the trial court again enters an order summarily denying the post conviction motion, the court shall attach record excerpts conclusively showing that Carter is not entitled to any relief.
Reversed and remanded for further proceedings.

. ‘‘A defendant may not be sentenced to drug offender probation unless he has been convicted of an enumerated chapter 893 offense or he has specifically agreed to such probation in a plea agreement.” Ackermann v. State, 962 So.2d 407, 408 (Fla. 1st DCA 2007).

. Attachments to the court's order included the state's response, notice of intent to seek enhanced penalty, judgment and sentence, and the arrest affidavit, but notably absent is any signed or transcribed plea agreement that supports the court’s conclusion.