PER CURIAM.
At issue in this appeal is whether, after Appellant violated community control by committing new law violations, the trial court illegally sentenced her to a prison term of 10 years for attempted armed robbery with a firearm, when Appellant originally was designated a youthful offender.
“Once a circuit court has imposed a youthful offender sentence, it must continue that status upon resentencing after a violation of probation or community control.” Lee v. State, 67 So.3d 1199, 1202 (Fla. 2d DCA 2011) (citing State v. Arnette, 604 So.2d 482, 484 (Fla.1992)). “However ... the court is not limited to imposing the usual youthful offender sentence of six years or less in prison if the revocation is based on a substantive violation of probation.” Id. (emphasis in original). In such cases, the court can impose up to the statutory maximum for the underlying offenses. Id. (citing § 958.14, Fla. Stat. (2010)). Further, separate charges and convictions are not required to support a substantive violation of probation based upon the commission of a new law violation. See Christian v. State, 84 So.3d 437, 445 (Fla. 5th DCA 2012).
Appellant admitted to violating her community control by committing three new law violations. The trial court correctly determined that although Appellant maintained the designation of “youthful offender” following the violation, she nonetheless was subject to being sentenced up to the statutory maximum — 15 years — for the armed robbery. See §§ 812.13(2)(a); 777.04(1); 775.082(3)(c), Fla. Stat. (2009). Appellant’s 10-year sentence is legal, and therefore we AFFIRM.
BENTON, C.J., ROWE, and MARSTILLER, JJ., concur.