IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANNY LEE FLAGG,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NOs. 1D14-1162 & 1D14-1600

Opinion filed November 9, 2015.

FOR CASE NO. 1D14-1162:

An appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Danny Lee Flagg, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney
General, Tallahassee, for Appellee.

FOR CASE NO. 1D14-1600:

An appeal from the Circuit Court for Alachua County.
David A. Glant, Judge.

Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Trisha Meggs Pate and Kristen Lynn Bonjour,
Assistant Attorneys General, Tallahassee, for Appellee.

ROBERTS, C.J.,

Cases 1D14-1600 and 1D14-1162 were consolidated for travel purposes and, due to the interdependent nature of the issues, have been consolidated for opinion. The appellant, Danny Flagg, was born on July 27, 1991. In 2007, in case 2007-4603, the State filed an information charging the appellant with two counts of home invasion robbery. In 2008, the State amended the charges to one count of burglary while armed and/or with an assault and one count of robbery with a deadly weapon. In 2008, the appellant entered a *nolo contendere* plea to the amended charges. The trial court withheld adjudication and sentenced the appellant as a youthful offender to 161 days in county jail (time served) followed by six years' probation.

A few months later, the State filed an affidavit of violation of probation (VOP) in case 2007-4603 that alleged three new law violations of robbery with a weapon as well as possession of a firearm. In 2009, the appellant entered a plea of admission to VOP in case 2007-4603. By the terms of the plea, probation was revoked, and the appellant was adjudicated guilty and sentenced to 18 months in the Department of Corrections (DOC), followed by 18 months' community control, followed by 36 months' probation.[1] Although the sentence imposed was within the six-year

---

[1] This sentence was to run concurrently with the appellant's sentences in case numbers 2008-3830 and 2008-4014 in which he pled *nolo contendere* to one count of robbery (no weapon) and one count of burglary of a dwelling, respectively. The appellant was adjudicated guilty in both cases, and the plea agreements involved the same sentence as case 2007-4603.

2

youthful offender sentencing cap, the record is not wholly clear as to whether the appellant's youthful offender designation was continued.

In 2010, the State filed an affidavit of violation of community control (VOCC) in case 2007-4603. The affidavit alleged technical violations of failure to adhere to instruction and failure to remain at his residence in contravention of his approved schedule. An amended affidavit was later filed that added three new law violations. A revocation hearing was held at which the appellant was represented by counsel. The State elected not to proceed on the new law violations, and the trial court found that no evidence was presented to prove the new law violations. On August 3, 2010, in case 2007-4603, the trial court revoked community control for the technical violations and re-sentenced the appellant to 25 years in DOC on each count, to be served concurrently.[2]

The appellant asked defense counsel to appeal the revocation and sentence, but no notice of appeal was filed. The appellant then filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 in the trial court in all three cases alleging several grounds of ineffective assistance of counsel. On February 11, 2014, the trial court summarily denied the 3.850 motion. The

---

[2] The appellant's probation was also revoked in case 2008-3830, and he was sentenced to 15 years in DOC, concurrent with the sentence in case 2007-4603. In case 2008-4014, the appellant's probation was revoked, and he was sentenced to 15 years in DOC, concurrent to the other two cases.

appellant initiated a *pro se* appeal of the summary denial in case 1D14-1162. Shortly thereafter, the appellant's petition for a belated direct appeal from the August 3, 2010, judgment and sentence was granted, and that appeal proceeded in case 1D14-1600. The appellant later filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion in case 1D14-1600, arguing that the trial court erred in sentencing him outside the six-year sentencing cap for youthful offenders following a technical violation of community control. The motion was subsequently denied by the trial court.

We first consider the merits of the appellant's postconviction appeal in 1D14-1162 as the disposition in this case could potentially affect the sentencing issue in 1D14-1600. This Court reviews a summary denial without an evidentiary hearing *de novo* and will affirm only where the appellant's claims are facially invalid or conclusively refuted by the record. Where no evidentiary hearing is held below, this Court also accepts the defendant's factual allegations to the extent they are not refuted by the record. McLin v. State, 827 So. 2d 948, 954 (Fla. 2002). See also Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.").

4

While the appellant's 3.850 motion could be read as somewhat conclusory, it nonetheless sufficiently raised issues of deficiency and prejudice such that an evidentiary hearing on the issue of counsel's ineffectiveness was warranted at the minimum on grounds (1), (3), (5), and (6). His allegations of ineffectiveness could not be conclusively refuted by the record that was attached. A fact-based inquiry was necessary to refute the allegations. See Williams v. State, 642 So. 2d 67, 69 (Fla. 1st DCA 1994) (reversing and remanding a summary denial of ineffective assistance claim and citing case law where the record on appeal was deemed inadequate to make a fact-based determination of counsel's ineffectiveness). Accordingly, 1D14-1162 is reversed, and the case remanded for an evidentiary hearing on the allegations of counsel's ineffectiveness in grounds (1), (3), (5), and (6).

If after remand it is determined that counsel was not ineffective, the sentencing issue raised in 1D14-1600 needs to be addressed.[3] The appellant was originally sentenced as a youthful offender, which carries certain benefits. See Ch. 958, Florida Statutes (2007). The most notable feature of the Youthful Offender Act is the six-year sentencing cap.

Section 958.14, Florida Statutes (2007), provides:

---

[3] We note that the appeal only challenged the sentence imposed in case 2007-4603. We decline to address the propriety of the sentences imposed in case 2008-3830 or 2008-4014.

A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06. However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.

The term "substantive" in the statute has been interpreted to refer "exclusively to a violation premised on the commission of a separate criminal act" by a youthful offender. See State v. Meeks, 789 So. 2d 982, 989 (Fla. 2001). Where there has been a substantive violation, such as a new law offense, a previously designated youthful offender may be sentenced above the six-year cap up to the statutory maximum for the underlying offenses. See Smith v. State, 109 So. 3d 1180, 1181 (Fla. 1st DCA 2013). In contrast to a substantive violation, which allows for a higher sentence, when there has been a technical violation of probation, i.e., a violation of a rule of probation, the six-year sentencing cap still applies. See West v. State, 129 So. 3d 1155, 1157 (Fla. 3d DCA 2014). See also Hudson v. State, 989 So. 2d 725, 726 (Fla. 1st DCA 2008).

The appellant argues that his 2010 violations were all technical violations; therefore, the six-year sentencing cap applies, rendering his concurrent 25-year sentences in 2007-4603 improper. We agree that we must adhere to the plain language of section 958.14, which clearly provides, "[N]o youthful offender shall be

6

committed to the custody of the department . . . for a technical or nonsubstantive violation for a period longer than six years[.]" It is undisputed that the violations here were technical violations. Therefore, the six-year youthful offender sentencing cap should have applied. See Martinez v. State, 980 So. 2d 1245 (Fla. 2d DCA 2008) (reversing and remanding for resentencing on a technical violation of probation, following an intervening substantive violation of probation, where the sentence imposed on the technical violation was outside of the six-year sentencing cap for youthful offenders).

While the six-year sentencing cap is perhaps the most notable portion of the Youthful Offender Act, the Act also carries certain benefits that include the availability of programs and the possibility of early release. See Christian v. State, 84 So. 3d 437, 442-43 (Fla. 5th DCA 2012). In addition to a sentence within the six-year cap, the appellant's youthful offender designation should have also been continued in this case. See Hudson, 989 So. 2d at 726 ("When a defendant has been designated a youthful offender, the court may not change that status by way of revocation of probation or community control."); Smith, 109 So. 3d at 1181 ("[O]nce a circuit court has imposed a youthful offender sentence, it must continue that status upon resentencing after a violation of probation or community control."). We find the sentence imposed in 1D14-1600 was in error as it exceeded the six-year sentencing cap for a youthful offender following a technical violation of community

7

control.

Case 1D14-1162 is reversed and remanded with instructions to hold an evidentiary hearing. After resolution of case 1D14-1162, if applicable, the appellant should be resentenced as a youthful offender within the six-year sentencing cap in section 958.14, including credit for time served.

REVERSED and REMANDED with instructions.

BILBREY, J., CONCURS; SWANSON, J., CONCURS with opinion.

SWANSON, J., Concurs with opinion.

I concur, without comment, our decision to reverse 1D14-1162 and remand for evidentiary hearing. Insofar as the sentencing issue raised in 1D14-1600 is concerned, while I concur, it is not without reservation.

Once a defendant has committed a substantive violation, as transpired in this case, a strong argument can be made that a trial court should be empowered with the discretion to exceed the six year youthful offender cap, regardless of whether a subsequent violation is substantive or technical. Absent such sentencing discretion, the statute creates a negative incentive. Specifically, trial courts are "boxed in" and, by necessity, may well be inclined to come down hard on youthful offenders on a substantive violation rather than risk a subsequent technical violation for which the trial court is precluded from imposing a sentence that would exceed the six year cap. Irrespective of this view, a plain reading of Section 958.14, Florida Statutes (2007), compels this court to find the sentence imposed in 1D14-1600 was error in that it exceeded the six year sentencing cap for a youthful offender following a technical violation of community control.

9