PER CURIAM.
Appellant, David Alan McBurnett, Jr., appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence imposed after the trial court revoked his probation following a plea.
Pursuant to an earlier plea agreement approved by the court, Appellant was adjudicated guilty of manslaughter, a second-degree felony, punishable by up to fifteen years of imprisonment.[1] The parties agreed that Appellant would be designated as a youthful offender and, consistent with the plea agreement, he was sentenced to serve two years in prison, followed by four years of probation. Appellant later admitted to violating his probation by committing a new criminal offense. The court thereafter revoked Appellant’s probation and sentenced him to serve twelve years in prison.
Though his motion is not a model of clarity, Appellant argues that because he was first sentenced as a youthful offender, the court could not impose a sentence in excess of six years[2] nor revoke Appellant’s designation as a youthful offender. Both claims are cognizable in a motion to correct an illegal sentence. See Blacker v. State, 49 So.3d 785, 787-88 (Fla. 4th DCA 2010).
In summarily denying the motion, the postconviction court correctly ruled that Appellant’s twelve-year sentence is lawful based upon his substantive violation of probation for committing a new criminal offense. ‘When a defendant violates his youthful offender probation by committing a substantive violation, the court is not bound to ‘the usual youthful offender sentence of six years or less’ and ‘can impose up to the statutory maximum for the underlying offenses.’ ” Smith v. State, 143 So.3d 1023, 1024 (Fla. 4th DCA 2014) (footnote omitted) (quoting Smith v. *974 State, 109 So.3d 1180, 1181 (Fla. 1st DCA 2013)).
In the order on appeal, the court also properly recognized that, as here, when a defendant receives a sentence in excess of the six-year cap, the court must maintain the defendant’s designation as a youthful offender because that “designation carries certain benefits within the criminal justice system that are not available to non-youthful offender prisoners.” Id. at 1024-25; see also Christian v. State, 84 So.3d 437, 442-43 (Fla. 5th DCA 2012). However, the postconviction court did not attach to its order a copy of the new judgment and sentence, so our record does not conclusively establish that Appellant retained his youthful offender designation after his probation was revoked. On appeal from a summary denial of a motion to correct illegal sentence, an appellate court must reverse unless the postconviction record shows conclusively that appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(A), (b)(2)(D); Carter v. State, 104 So.3d 381, 382 (Fla. 3d DCA 2012).
Accordingly, we affirm that portion of the order finding that Appellant’s twelve-year sentence is lawful, but reverse and remand for further proceedings regarding Appellant’s youthful offender designation. If the court again enters an order summarily denying the motion, the court must attach record excerpts to the order conclusively establishing that Appellant ■ has retained his youthful offender designation. Otherwise, the court should grant the motion and enter an amended judgment.
AFFIRMED in part; REVERSED in part, and REMANDED, with • directions.
EVANDER, , COHEN, and LAMBERT, JJ., concur.

. See §§ 782.07(1), 775.082(3)(c), Fla. Stat. (2009).

. See § 958.04(l)-(2), Fla. Stat. (2009).