# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1573

_____

BOBBY KEVIN WILLIAMS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Judge.

July 11, 2018

PER CURIAM.

Following a jury trial, Bobby Kevin Williams was convicted of grand theft and failure to appear. This Court affirmed his judgment and sentence. Williams now challenges the final order of the postconviction court on his claims of ineffective assistance of trial counsel. We agree with the court's assessment of all but one of his claims.

In his first claim, Williams alleged that during jury deliberations, when neither defense counsel nor the trial judge was present, the jury asked to review the surveillance video in evidence. The prosecutor responded by informing the bailiff that the jury could view the recording on the court's video player. The bailiff returned a few minutes later and informed the prosecutor

that the video player was not working properly. The prosecutor then accompanied the bailiff into the jury room to show the jurors how to view the video on the prosecutor's laptop. When defense counsel returned, Williams told counsel about what had happened, but counsel declined to bring the issue to the court's attention. Williams attached two witness affidavits to his motion to support his claim. He submits that he was deprived of a fair and impartial trial due to counsel's inaction in the face of clear prosecutorial misconduct.

The postconviction court determined that the claim was facially insufficient because it failed to properly allege prejudice. After giving Williams two opportunities to amend, the court dismissed the claim with prejudice.

To state a facially sufficient claim of ineffective assistance of counsel, the movant must allege deficient performance on the part of trial counsel and prejudice resulting from that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accepting Williams's allegations as true, which we must do at this stage of our review, *see Flagg v. State*, 179 So. 3d 394, 396 (Fla. 1st DCA 2015), we conclude that it was error for the court to dismiss this claim. *See Brown v. State*, 538 So. 2d 833, 836 (Fla. 1989) ("[C]ommunications from the jury must be received by the trial judge in person and . . . the absence of the judge when a communication is received and answered is reversible error."); *Harbaugh v. State*, 711 So. 2d 77, 80 (Fla. 4th DCA 1998) ("[A] trial judge is required to be present at any aspect of the trial where the lawyers or the parties are in extended contact with the jury, unless the defendant himself makes a sufficient waiver on the record of the judge's presence.").

We therefore reverse the dismissal of this claim and remand for the court either to attach records that conclusively refute the allegations or to conduct an evidentiary hearing to determine the merits of the claim. The order is affirmed in all other respects.

AFFIRMED in part, REVERSED in part, and REMANDED with directions.

B.L. THOMAS, C.J., and WOLF and RAY, JJ., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Kerry Adkison, Chipley, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert "Charlie" Lee, Assistant Attorney General, Tallahassee, for Appellee.